**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 9, 2002**

JEANNE and KRISTIN OMELENCHUK,
Co-Personal Representatives of
the Estate of George Omelenchuk,

    Plaintiffs-Appellees,

v                                  No. 117252

THE CITY OF WARREN, and the
WARREN FIRE DEPARTMENT,

    Defendants-Appellants.

_____

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

Plaintiffs allege that their decedent died as the result of gross negligence by employees of defendant, the city of Warren. The circuit court granted summary disposition on the basis of governmental immunity. MCR 2.116(C)(7). The Court of Appeals reversed, but this Court reinstates the judgment of the circuit court because the controlling statutes plainly provide immunity to defendant, the city of Warren.

Two years ago, when this case was before us in connection with a separate issue, we stated the facts. *Omelenchuk v City of Warren*, 461 Mich 567, 568-570; 609 NW2d 177 (2000).

> On February 13, 1994, a man named George Omelenchuk suffered a heart attack at work.[1] The person who found him lying on the floor called the Warren Fire Department, which sent two trucks. Emergency personnel at the scene included two firefighters, three paramedics, and an emergency medical technician.
>
> Resuscitation efforts included insertion of an endotracheal tube. The defendants say that all three paramedics checked to make sure the tube was properly placed. However, when Mr. Omelenchuk arrived at the hospital, the tube was found to be in his esophagus, rather than his trachea.
>
> Mr. Omelenchuk was transported to a hospital that was located across the street from his place of business. In the emergency room, further efforts were made to save his life. However, these were unsuccessful, and he was declared dead.
>
> The day after Mr. Omelenchuk died, plaintiffs Jeanne Omelenchuk and Kristin Omelenchuk were named co-personal representatives of the estate.[2]

* * *

---

[1] In the earlier appeal, as now, we were examining an untried case. As we did two years ago, we take the facts as presented in plaintiffs' complaint, though we have also examined other pleadings in the record for the purpose of providing a factual narrative.

[2] As we noted in our first opinion, "[t]he plaintiffs' complaint identifies Jeanne Omelenchuk as the decedent's widow. However, the defendants dispute that assertion on the basis of a 1992 judgment of divorce. Kristin Omelenchuk is the daughter of George and Jeanne Omelenchuk." [461 Mich 569.]

[T]he plaintiffs filed suit against the city of Warren and the Warren Fire Department on July 19, 1996.

In March 1997, the defendants moved for summary disposition. MCR 2.116(C)(7). The motion listed several grounds, including governmental immunity and the statute of limitations.

At the motion hearing, defense counsel argued that the defendants were immune because there was no showing that the emergency personnel had been grossly negligent and because the city could not be held vicariously liable.[3] In presenting these arguments, counsel cited MCL 333.20965 and 691.1407. Without explaining the precise statutory basis of its ruling, the circuit court granted summary disposition "[o]n the basis of governmental immunity."

The plaintiffs appealed. The Court of Appeals affirmed,[4] but not on the basis of immunity. Instead, the Court concluded that the plaintiffs' complaint had not been timely filed.

We vacated the judgment of the Court of Appeals, finding that plaintiffs had timely filed their complaint. We also remanded the case to the Court of Appeals for consideration of the immunity issue, which had formed the basis of the circuit court's decision to grant summary disposition. 461 Mich 571-577. On remand, the Court of Appeals reversed the judgment of the circuit court because "defendants failed to produce any

_____

[3]It is agreed that the fire department is not a separate entity from which plaintiffs can recover. Any recovery would be from the city of Warren.

[4]Unpublished opinion per curiam, issued April 6, 1999 (Docket No. 204098).

3

documentary evidence to establish that the conduct of the responding paramedics did not constitute gross negligence." Slip op at 1.[5]

We granted defendants' application for leave to appeal.

## II

We review questions of statutory interpretation de novo. *Cardinal Mooney High Sch v Mich High Sch Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

## III

### A

The issue presented in this case is one of statutory interpretation. Therefore, we must apply familiar statutory interpretation principles that were recently restated in *Wickens v Oakwood Healthcare System*, 465 Mich 53, 60; 631 NW2d 686 (2001):

> The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. *Tryc v Mich Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992).

---

[5]Unpublished memorandum opinion, issued June 23, 2000 (Docket No. 204098).

4

In this case, a plain reading of the emergency medical services act (EMSA), MCL 333.20965, requires a conclusion that defendant, the city of Warren, is entitled to a grant of summary disposition on the basis of governmental immunity.

The first subsection of the EMSA, MCL 333.20965(1)(f), provides that an "authoritative governmental unit," in this case defendant, the city of Warren, is immune from suit on the basis of the acts of its emergency medical services workers in treating a patient "[u]nless the act or omission is the result of gross negligence or wilful misconduct . . . ."[6] Stated affirmatively, this means that the city can be sued under this provision if the plaintiff can prove the city's emergency medical workers were grossly negligent in treating a patient. Yet, this ability to sue is subsequently narrowed by MCL 333.20965(4). This section of the statute states:

> Subsections (1) and (3) do not limit immunity from liability otherwise provided by law for any of the persons listed in subsections (1) and (3).

Because MCL 691.1407(1), which is part of the act commonly described as the governmental tort liability act (GTLA), provides that a governmental entity, including of course defendant, the city of Warren, is "immune from tort liability if the governmental agency is engaged in the exercise or

_____

[6]That is the language of 1990 PA 179 (in effect at the time of these events). The same phrase is found in 1997 PA 78, 1999 PA 199, and 2000 PA 375.

discharge of a governmental function,"[7] MCL 333.20965(4) means that the city of Warren is immune in the discharge of a governmental function.[8]

B

Notwithstanding the clarity that this analysis of the statute yields about its meaning, plaintiffs effectively ask us to depart from applying the plain language of the statute on the ground that the Legislature's inclusion of any governmental entity by use of the phrase an "authoritative governmental unit" in MCL 333.20965(1) is rendered pointless if MCL 333.20965(4) means that such a governmental entity will always be immune from suit under the GTLA anyway. Thus, they argue, to avoid making the statute a futile exercise, or

---

[7] That is the current language of the statute, as enacted in 1999 PA 241 and 2000 PA 318. Throughout this opinion, we will discuss the case in terms of the current statutory language. The version enacted in 1986 PA 175 was in effect at the time of these events; it and 1996 PA 143 include a stylistic difference that does not affect the present issue.

[8] While the plain language of the statute is dispositive, we note that the history underlying the adoption of MCL 333.20965(4) supports the conclusion that it was adopted by the Legislature to make clear that MCL 333.20965 does not take away any immunity enjoyed by a governmental entity under the GTLA. In construing a predecessor version of the EMSA that did not include language like that of MCL 333.20965(4), this Court in *Malcolm v East Detroit,* 437 Mich 132; 468 NW2d 479 (1991), affirmed the decision of the Court of Appeals in that case that the prior version of the EMSA created an exception to governmental immunity in cases of gross negligence or wilful misconduct in the provision of emergency medical services.

nullity, we should ignore MCL 333.20965(4) so as to leave MCL 333.20965(1) with meaning. In other words, plaintiffs would have us hold that an authoritative governmental unit, such as defendant, the city of Warren, can be sued under the EMSA in cases of gross negligence by its emergency medical services workers, notwithstanding the immunity shield set forward in the same statute.

We disagree that such an approach to the statute is proper. While plaintiffs are correct to the extent that we should strive to prevent any part of a statute from being a nullity, a thorough review of the statute at issue leads to the conclusion that the reading occasioned by the plain meaning analysis does not produce a nullity and, thus, this principle is not implicated in this case. No portion of the EMSA need be ignored to give the entire legislative enactment a coherent meaning.

As we noted in *Malcolm* at 141, n 9, the Legislature added language to the EMSA substantially the same as the present MCL 333.20965(4) in providing that the EMSA did not limit liability otherwise provided by law, shortly after the Court of Appeals issued its opinion in *Malcolm*. Clearly, the purpose of adding this language was to make clear that the EMSA did not remove the immunity of a governmental entity under the GTLA.

When read carefully, it is apparent that immunity under the GTLA for municipalities or other governmental entities is only given if they are engaged "in the exercise or discharge of a governmental function." MCL 691.1407(1). Implicit then, and later made explicit in MCL 691.1413, is that the GTLA does not give immunity if the governmental function is proprietary. Thus, to particularize this principle, if a governmental agency provides emergency medical services as part of its governmental functions, it has immunity, but, if it does so as part of a proprietary function, it does not. Thus, when one understands that this act outlines with precision when suit can be brought against governments providing emergency medical services, it is clear that there is no nullity effected in the Legislature's handling of this issue. This approach brings harmony to both MCL 333.20965(1) and (4), as well as the GTLA, MCL 691.1407(1), and makes clear that they are not in conflict.

In the present case, it is beyond reasonable dispute, and thus we take judicial notice, that the relevant activity of the city's fire department was part of its discharge of its governmental functions, and not part of any proprietary function. Accordingly, the city is immune from suit.

IV

The plain language of MCL 333.20965(4) compels the

8

conclusion that defendant is entitled to the governmental immunity granted in MCL 691.1407(1).  Accordingly, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court, MCR 7.302(F)(1).

CORRIGAN, C.J., and WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with CAVANAGH, J.