**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Maura D. Corrigan       Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Marilyn Kelly
                        Clifford W. Taylor
                        Robert P. Young, Jr.
                        Stephen J. Markman

**FILED JULY 26, 2004**

MARGARET JENKINS, as Personal
Representative of the ESTATE OF
MATTIE HOWARD, DECEASED,

    Plaintiff-Appellee,

v                        No. 123957

JAYESH KUMAR PATEL, M.D., and
COMPREHENSIVE HEALTH SERVICES,
INC., a Michigan Corporation,
doing businsess as THE WELLNESS
PLAN, Jointly and Severally,

    Defendants-Appellants.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

    We granted leave to appeal to consider whether the medical malpractice noneconomic damages cap, MCL 600.1483(1), applies to a wrongful death action where the underlying claim is medical malpractice. The jury awarded plaintiff $10 million in noneconomic damages. The trial court denied defendants' motion for remittitur or a new trial, concluding that the medical malpractice noneconomic

damages cap does not apply to wrongful death actions. The Court of Appeals affirmed. Because we conclude that the medical malpractice noneconomic damages cap does apply to wrongful death actions where the underlying claim is medical malpractice, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of the constitutional issues raised by plaintiff that were not resolved by the Court of Appeals in light of its analysis of the statutory issue.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff brought this wrongful death action against defendants, seeking to recover damages for the death of her mother that allegedly resulted from defendants' medical malpractice. Plaintiff's decedent began treating with defendant Dr. Jayesh Patel shortly after being hospitalized for a stroke. Plaintiff contends that Dr. Patel negligently managed the decedent's renal disease and hypertension, which ultimately led to her death. Plaintiff sought damages for the loss of society and companionship sustained by the decedent's seven children and seven siblings. The jury awarded plaintiff $10 million in noneconomic damages.

Defendants filed a motion for remittitur or for a new trial, arguing that the medical malpractice noneconomic

damages cap, MCL 600.1483(1), requires a reduction in the damage award, and, in the alternative, that the award is excessive. The trial court held that the medical malpractice noneconomic damages cap does not apply to wrongful death actions. The trial judge further held that, although the award is excessive, he could not determine an appropriate amount of damages because he was not personally present at the trial to hear the testimony of the witnesses and judge their credibility.[1] Therefore, he let the jury's $10 million verdict stand. In a published decision, the Court of Appeals affirmed the trial court's decision that the medical malpractice noneconomic damages cap does not apply to wrongful death actions.[2] The Court of Appeals, however, remanded the case to the trial court, holding that the trial court, having found the award to be excessive, must either set a remittitur amount or grant a new trial on damages only.[3] One of the judges on the panel wrote a

---

[1] The judge who presided over the jury trial was subsequently appointed to a federal judicial position and was no longer on the trial court at the time the motion for remittitur or for a new trial was heard.

[2] 256 Mich App 112; 662 NW2d 453 (2003).

[3] The Court of Appeals further instructed the trial court that it could revisit its ruling concerning whether the verdict was excessive if it acknowledged that its
(continued…)

3

concurring opinion to emphasize her belief that the language of the wrongful death act precludes application of the medical malpractice noneconomic damages cap. We granted defendants' application for leave to appeal.[4]

## II. STANDARD OF REVIEW

Whether the medical malpractice noneconomic damages cap, MCL 600.1483(1), applies to a wrongful death action where the underlying claim is medical malpractice is an issue of statutory interpretation, which is a question of law that this Court reviews de novo. *Morales v Auto-Owners Ins Co, (After Remand),* 469 Mich 487, 490; 672 NW2d 849 (2003).

## III. ANALYSIS

MCL 600.1483, also referred to as the medical malpractice noneconomic damages cap, provides, in pertinent part:

> (1) In an action for damages alleging medical malpractice by or against a person or party, the total amount of damages for noneconomic loss recoverable by all plaintiffs, resulting from the negligence of all defendants, shall not exceed $280,000.00 unless, as the result of the negligence of 1 or more of the defendants, 1 or more of the following exceptions

---

(…continued)
previous ruling was "nondefinitive" in light of its concern at the time that it had not been present at trial.

[4] 469 Mich 958 (2003).

apply as determined by the court pursuant to section 6304, in which case damages for noneconomic loss shall not exceed $500,000.00:

(a) The plaintiff is hemiplegic, paraplegic, or quadriplegic resulting in a total permanent functional loss of 1 or more limbs caused by 1 or more of the following:

(i) Injury to the brain.

(ii) Injury to the spinal cord.

(b) The plaintiff has permanently impaired cognitive capacity rendering him or her incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal, daily living.

(c) There has been permanent loss of or damage to a reproductive organ resulting in the inability to procreate.

(2) In awarding damages in an action alleging medical malpractice, the trier of fact shall itemize damages into damages for economic loss and damages for noneconomic loss.

(3) As used in this section, "noneconomic loss" means damages or loss due to pain, suffering, inconvenience, physical impairment, physical disfigurement, or other noneconomic loss.

The wrongful death act, MCL 600.2922, provides, in pertinent part:

(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensured, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued,

5

shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under circumstances that constitute a felony.

(2) Every action under this section shall be brought by, and in the name of, the personal representative of the estate of the deceased person . . . .

\* \* \*

(6) In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

There is no common-law right to recover damages for a wrongfully caused death. Instead, the wrongful death act provides the exclusive remedy under which a plaintiff may seek damages for a wrongfully caused death. *Courtney v Apple,* 345 Mich 223, 228; 76 NW2d 80 (1956). That does not mean, however, that the wrongful death act is the only act that is applicable in a wrongful death action. For instance, the medical malpractice statute of limitations, MCL 600.5838a, applies to wrongful death actions where the underlying claim is medical malpractice because "in all actions brought under the wrongful death statute, the

6

limitations period will be governed by the provision applicable to the liability theory of the underlying wrongful act." *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420, 436; 329 NW2d 729 (1982); *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004). Additionally, actions brought under the wrongful death act "accrue as provided by the statutory provisions governing the underlying liability theory . . . ." *Hawkins, supra* at 437. Accordingly, when the underlying claim is medical malpractice, the medical malpractice accrual statute, MCL 600.5838a, applies to a wrongful death action. Further, this Court has recently applied the medical malpractice notice of intent requirement of MCL 600.2912b, the medical malpractice tolling provision of MCL 600.5856(d), the medical malpractice affidavit of merit requirement of MCL 600.2912d, and the medical malpractice expert witness qualification requirements of MCL 600.2169(1)(a) to wrongful death actions. *Waltz, supra; Grossman v Brown*, 470 Mich __; __ NW2d __ (2004); *Halloran v Bhan*, 470 Mich __; __ NW2d __ (2004).[5]

---

[5] The dissent is correct that neither this Court nor the parties in these cases addressed whether these medical malpractice provisions apply to wrongful death actions; their application was just assumed. *Post* at 7-8.

(continued…)

7

Clearly, the wrongful death act is not the only act that is pertinent in a wrongful death action. "The mere fact that our legislative scheme requires that suits for tortious conduct resulting in death be filtered through the so-called 'death act', MCL 600.2922; MSA 27A.2922, does not change the character of such actions except to expand the elements of damage available." *Hawkins, supra* at 436. That is, a wrongful death action grounded in medical malpractice is a medical malpractice action in which the plaintiff is allowed to collect damages related to the death of the decedent.

The statute at issue here, MCL 600.1483, specifically provides that it applies to "an action for damages alleging medical malpractice . . . ."[6] Plaintiff's action is clearly

---

(…continued)

See also *Anthony v Forgrave,* 126 Mich App 489, 493; 337 NW2d 546 (1983), in which the Court of Appeals held that "in a wrongful death action, venue is determined through application of the venue statutes governing personal injury actions; focus is on the cause of action which underlies the wrongful death claim."

[6] The dissent contends that "the limitation on non-economic damages does not always apply in an 'action alleging medical malpractice,'" *post* at 7, as indicated by MCL 600.6098(1), which provides, "*If* the limitation applies, the court shall set aside any amount of noneconomic damages in excess of the amount specified in section 1483." [Emphasis added.] We agree that the cap does not always apply in an action alleging medical

(continued…)

8

an "action for damages alleging medical malpractice . . . ." Section 1483(1). This fact is undisputed. Although the Court of Appeals recognized that "§ 1483 applies in an action for damages alleging medical malpractice, and that the case before us, with respect to the subject matter from which the negligence arose, is such an action," *Jenkins v Patel*, 256 Mich App 112, 122; 662 NW2d 453 (2003), it went on to conclude that "the Legislature did not intend [§ 1483's noneconomic] damages cap to limit those damages in a wrongful-death, medical-malpractice action." *Id*. at 125-126. It reached this conclusion on the basis that § 1483(3)'s definition of "noneconomic loss" does not specifically include losses related to wrongful death, such as loss of society and companionship.

Section 1483(3) defines "noneconomic loss" as "damages or loss due to pain, suffering, inconvenience, physical impairment, physical disfigurement, or other noneconomic loss." The wrongful death act, MCL 600.2922(6),

_____

(…continued)
malpractice. Instead, the cap applies only in medical malpractice actions in which the plaintiff is awarded an amount of *noneconomic* damages that *exceeds* the pertinent cap. The Legislature's use of the word "if," however, does not, as the dissent contends, indicate that the cap *never* applies in a wrongful death action.

9

specifically provides that "the loss of the society and companionship of the deceased" is an available remedy in a wrongful death action. The Court of Appeals concluded that the damages referred to in § 1483(3) "relate to damages sustained by an individual surviving plaintiff rather than damages sustained by next of kin in a wrongful-death action . . . ." *Jenkins, supra* at 124. Thus, the Court of Appeals concluded that § 1483 is not meant to limit damages that a next of kin would seek for his own suffering, such as loss of society and companionship.

The Court of Appeal's reasoning is flawed, in our judgment, because it fails to give meaning to all the words of the statute and "[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). If the definition of "noneconomic loss" in § 1483(3) does not encompass damages sought by a next of kin under the wrongful death act for his own suffering, as the Court of Appeals concluded, then such definition also would not encompass such damages when sought by a next of kin of a plaintiff who survived the medical malpractice. If that is so, then the Legislature's specific directive that § 1483

10

limits the total damages recoverable by "all plaintiffs" means nothing. However, this language has to mean something. In our judgment, the "all plaintiffs" language means that the plaintiff who most directly suffered from the medical malpractice is not necessarily the only plaintiff in a medical malpractice action. Rather, the "plaintiff's" next of kin may also be plaintiffs in a medical malpractice action and they may seek damages for the losses that they have suffered as a result of the medical malpractice, such as the loss of society and companionship. *Blackwell v Citizens Ins Co of America*, 457 Mich 662, 664 n 1; 579 NW2d 889 (1998)(a plaintiff's husband's loss of consortium claim is derivative of the plaintiff's medical malpractice claim).

Furthermore, § 1483(3)'s definition of "noneconomic loss" is not limited to "damages or loss due to pain, suffering, inconvenience, physical impairment, [and] physical disfigurement . . . ." Rather, § 1483(3) specifically includes within the definition of "noneconomic loss" all the things mentioned above and "other noneconomic loss." Therefore, just because a noneconomic loss, such as loss of society, is not specifically listed under § 1483(3), does not mean that it is not a covered noneconomic loss. Section 1483(2) directs the trier of fact to

"itemize damages into damages for economic loss and damages for noneconomic loss."  Noneconomic damages are subject either to the $280,000 cap or the $500,000 cap, while economic damages are not subject to either of these caps.[7] Damages awarded in an action for medical malpractice can obviously only be economic or noneconomic.  The damages awarded in this case for loss of society and companionship are clearly noneconomic damages.  *Rusinek v Schultz, Snyder & Steele Lumber Co*, 411 Mich 502, 504-505; 309 NW2d 163 (1981)(loss of consortium, which is defined as including loss of society and companionship, is a noneconomic loss). This fact is undisputed.  Accordingly, we agree with defendants that § 1483's definition of "noneconomic losses," which includes "other noneconomic loss," includes noneconomic losses not specifically listed, including those sought by plaintiff's next of kin for their own pain and suffering.  Otherwise, a plaintiff's next of kin would not be able to recover for such things as loss of consortium,

---

[7] Pursuant to MCL 600.1483(4), "[t]he state treasurer shall adjust the limitation on damages for noneconomic loss set forth in subsection (1) by an amount determined by the state treasurer at the end of each calendar year to reflect the cumulative annual percentage change in the consumer price index."  The 2004 limitations are $366,000 and $653,500.  See  http://www.michigan.gov/documents/ nonecolimit101_3658_7.pdf.

loss of society, and loss of companionship in a medical malpractice action, and, as discussed above, a medical malpractice plaintiff's next of kin can most certainly recover such damages. See *Blackwell, supra.*

Further support for our conclusion that the medical malpractice noneconomic damages cap applies to a wrongful death action where the underlying claim is medical malpractice can be found in the allocation of liability statute, MCL 600.6304. Section 1483(1) refers expressly to § 6304, stating that if the court determines, pursuant to § 6304, that one of the enumerated exceptions apply, then the $500,000 cap, rather than the $280,000 cap, is applicable. Section 6304 provides, in pertinent part:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or *wrongful death* . . . the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:

> (a) The total amount of each plaintiff's damages.

> (b) The percentage of the total fault of all persons that contributed to the death or injury . . . .

> * * *

> (3) The court shall determine the award of damages to each plaintiff in accordance with the findings under subsection (1), subject to any

13

reduction under subsection (5) . . . and shall enter judgment against each party, including a third-party defendant . . . .

*  *  *

(5) In an action alleging medical malpractice, the court shall reduce an award of damages in excess of 1 of the limitations set forth in section 1483 to the amount of the appropriate limitation set forth in section 1483. The jury shall not be advised by the court or by counsel for either party of the limitations set forth in section 1483 or any other provision of section 1483. [Emphasis added.]

Section 6304(1), requiring the jury to allocate fault among all persons, expressly applies to wrongful death actions, because it explicitly states, "In an action based on . . . wrongful death . . . ." Section 6304(3) then requires the court to reduce the plaintiff's award in all subject actions, including wrongful death actions, according to the jury's allocation of fault and subject to any reduction required under subsection 5. As noted above, subsection 5 is the subsection requiring the court to apply the noneconomic damages cap of § 1483. Thus, subsection 3 of § 6304 incorporates the noneconomic damages cap of § 1483 into wrongful death actions by ensuring that in any action subject to § 6304, expressly including wrongful death actions, the court will reduce the plaintiff's verdict both on the basis of the allocation of fault and on the basis of

14

§ 1483—the noneconomic damages cap for medical malpractice cases.[8]

Plaintiff argues that the wrongful death act expressly precludes application of the medical malpractice noneconomic damages cap to wrongful death actions. As noted above, MCL 600.2922(6) provides, in pertinent part:

> In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial

---

[8] The 1986 version of § 1483 provided, in pertinent part:

> (1) In an action for damages alleging medical malpractice against a person or party specified in section 5838a, damages for noneconomic loss which exceeds $225,000.00 shall not be awarded unless 1 or more of the following circumstances exist:
>
> (a) There has been a death.

The 1986 version of § 1483 capped noneconomic damages at $225,000 unless one of seven exceptions, including death, applied. Section 1483 was amended in 1993 to adopt a two-tiered cap system. Under this two-tiered cap system, the lower cap applies unless one of three exceptions, not including death, applies. While the 1986 version of § 1483 specifically provided that the noneconcomic damages cap does not apply to wrongful death actions, the current version does not specifically provide that the cap does not apply to wrongful death actions.

15

> support and the loss of the society and companionship of the deceased.

Plaintiff argues that this provision governs damages in wrongful death claims, in such a manner that other provisions are rendered inapplicable. However, this Court has held that other statutory and common-law limitations on the amount of damages apply to wrongful death actions. For instance, comparative negligence principles and the collateral source setoff rule, MCL 600.6303(1), apply to wrongful death actions. *Solomon v Shuell*, 435 Mich 104; 457 NW2d 669 (1990); *Rogers v Detroit*, 457 Mich 125; 579 NW2d 840 (1998), overruled on other grounds by *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000).[9]

Contrary to plaintiff's contention, § 1483 and § 2922(6) are not incompatible. Notwithstanding § 1483, in accordance with § 2922(6), "[i]n every action under" the wrongful death act, "the court or jury may award damages as the court or jury shall consider fair and equitable," including "reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of

---

[9] The dissent is correct that neither this Court nor the parties in these cases addressed whether these limitations apply to wrongful death actions; their application was just assumed. *Post* at 8.

16

the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased." Only after the court or jury has, in its discretion, awarded damages as it considers fair and equitable does the court, pursuant to § 6304(5), apply the noneconomic damages cap of § 1483. This is made explicitly clear in § 6098(1), which states:

> A judge presiding over an action alleging medical malpractice shall review each verdict to determine if the limitation on noneconomic damages provided for in section 1483 applies. If the limitation applies, the court shall set aside any amount of noneconomic damages in excess of the amount specified in section 1483.

Section 6304(5) similarly provides:

> In an action alleging medical malpractice, the court shall reduce an award of damages in excess of 1 of the limitations set forth in section 1483 to the amount of the appropriate limitation set forth in section 1483. The jury shall not be advised by the court or by counsel for either party of the limitations set forth in section 1483 or any other provision of section 1483.

Although § 1483 reduces the damages awarded by the trier of fact, it does nothing to impinge upon the trier of fact's ability to determine an amount that is "fair and equitable." That is, § 1483 does not diminish the ability of the trier of fact to render a fair and equitable award of damages; it merely limits the plaintiff's ability to recover the full amount awarded in cases where the cause of

17

action is based upon medical malpractice and the amount exceeds the cap. See *Phillips v Mirac, Inc,* 470 Mich 415; __ NW2d __ (2004).

As the Court of Appeals in *Zdrojewski v Murphy*, 254 Mich App 50, 76; 657 NW2d 721 (2002), quoting *Phillips v Mirac, Inc*, 251 Mich App 586, 594; 651 NW2d 437 (2002), aff'd 470 Mich 415; __ NW2d _(2004), explained when it held that the noneconomic damages cap does not violate a plaintiff's right to a jury trial, the noneconomic damages cap "'does not impinge on a jury's right to . . . determine[e] . . . the amount of damages . . . incurred.'" Instead, it "'only limits the legal consequences of the jury's finding.'" That is, "'[o]nce the jury has reached its verdict, the trial judge merely enters a judgment on the verdict that is consistent with the law.'" *Id*. at 76-77. "Plaintiff was able to try this case in front of a jury that rendered a verdict awarding plaintiff damages. Because MCL 600.6304(5) prohibits the trial court from informing the jury of the noneconomic damages limitation of MCL 600.1483, the jury rendered its damages award on the basis of the facts of the case, unaware of the limitation of the statute." *Id.* at 77. Accordingly, the noneconomic damages cap does not violate a plaintiff's statutory right

to have the court or jury "award damages as the court or jury shall consider fair and equitable."  Section 2922(6).

### IV. CONCLUSION

We conclude that the medical malpractice noneconomic damages cap does apply to wrongful death actions where the underlying claim is medical malpractice.[10]  Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals for consideration of the constitutional issues raised by plaintiff, which were not resolved by the Court of Appeals in light of its analysis of the statutory issue.[11]

> Stephen J. Markman
> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.

---

[10]  Because no allegation has been made that plaintiff was hemiplegic, paraplegic, quadriplegic, or had permanently impaired cognitive capacity, or that there had been permanent loss of or damage to a reproductive organ because of defendants' medical malpractice, we conclude that the lower cap applies.  Cf. *Shinholster* v *Annapolis Hosp*, 471 Mich __; __ NW2d __ (2004).

[11]  Because we conclude that the medical malpractice noneconomic damages cap applies to actions filed under the wrongful death action where the underlying claim is medical malpractice, and because defendants have not argued that an award so capped is excessive, noneconomic damages in this case must be reduced in accordance with § 1483, consistent with this opinion.

19

S T A T E   O F   M I C H I G A N

SUPREME COURT

MARGARET JENKINS, as personal
representative of the Estate
of Mattie Howard, deceased,

    Plaintiff-Appellee,

v                                          No. 123957

JAYESH KUMAR PATEL, M.D., and
COMPREHENSIVE HEALTH SERVICES,
INC., a Michigan Corporation,
d/b/a THE WELLNESS PLAN,
jointly and severally,

    Defendants-Appellants.
_____

KELLY, J. (*dissenting*).

I disagree with the majority's conclusion that the medical malpractice noneconomic damages cap applies to wrongful death actions. The Court of Appeals analysis and decision concerning this issue were correct and should be affirmed.

Statutory Interpretation

This Court has often repeated the proper approach to interpreting statutes. We recently stated:

> "The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). To do so, we begin with the statute's

language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992)." [*Omelenchuk v City of Warren,* 466 Mich 524, 528; 647 NW2d 493 (2002), quoting *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).]

### The Wrongful Death Act

The wrongful death act[1] is the exclusive remedy in wrongful death cases. *Courtney v Apple,* 345 Mich 223, 228; 76 NW2d 80 (1956). The Court of Appeals correctly reasoned that the medical malpractice noneconomic damages cap found in MCL 600.1483 does not apply to actions brought under the act. *Jenkins v Patel*, 256 Mich App 112; 662 NW2d 453 (2003). Furthermore, the Court of Appeals concurring opinion of Judge Kelly underscores that a plain language reading of the act precludes the application of the MCL 600.1483 cap.

The wrongful death act was passed to ensure the preservation of claims that, at common law, would have terminated with the death of the victim or the tortfeasor. *Hawkins v Regional Medical Laboratories, PC*, 415 Mich 420,

---

[1] MCL 600.2922.

428-429; 329 NW2d 729 (1982). To ensure the survival of a claim, a wrongful death claim must be filed in conformity with the provisions of the act.

An injured plaintiff may file suit under other statutory provisions. However, if he dies in the course of litigation, to recover damages for the death, his estate must file a claim under the wrongful death act. MCL 600.2921. The act contains no cap on the damages available. See MCL 600.2922. It was not amended by tort reform legislation.[2]

In this case, the decedent's estate sought damages for losses sustained by the decedent's seven children and seven siblings. A malpractice action brought on behalf of the decedent had she been alive would not have survived her. Plaintiff had no alternative but to file suit under the wrongful death act.

The act contains the substance, procedures, and the measure of damages in an action brought against one who has caused the death of another.

---

[2] The most recent amendment to the wrongful death act occurred in 2000. This amendment made modifications to the statute in conformity with the Estates and Protected Individuals Code. MCL 700.1101 *et seq.* Before that, the statute was amended in 1985. It was not amended in 1995, when tort reform legislation was passed.

MCL 600.2922(6) provides:

> In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.

Indisputably, plaintiff's action is governed by the specific provisions of the act. I agree with the Court of Appeals majority that

> standing alone, the [wrongful death act] mandates recovery in any amount, limited only by the requirement that the amount be fair and equitable, for noneconomic losses, including those for loss of society and companionship. Without taking into consideration the damages cap . . . the [act] clearly and unambiguously governs a medical-malpractice action involving death and the accompanying request for damages. This was clearly the Legislature's intent in enacting the [act]. Tort-reform legislation, which included the damages cap, did not result in any amendment of the [act]. [*Jenkins*, *supra* at 119-120.]

In short, the only limitation intended by the Legislature on noneconomic damages under the wrongful death act is that the amount be fair and equitable.

### The Medical Malpractice Noneconomic Damages Cap Statute

I agree with Court of Appeals Judge Kelly that the wrongful death act and the medical malpractice damages cap

4

statute need not be read in pari materia. The statutes serve different purposes. The medical malpractice damages cap serves to limit liability in a medical malpractice action. As stated above, the wrongful death act provides for the survival of an action once the victim dies. It allows the estate to recover damages for the value to the estate of the life of the deceased. While the Legislature could have made the medical malpractice damages cap expressly applicable to wrongful death actions, it chose not to do so.

The wrongful death act specifically provides for damages in actions filed in accordance with its provisions. See MCL 600.2922(6). Just as this Court should not expand the remedies available under the act, it should not narrow them, absent an explicit indication that the Legislature intended it.

If the Legislature wanted the medical malpractice damages cap statute to apply in wrongful death actions, some indication of that intention would be present in the language of the wrongful death act. Furthermore, although the Legislature was aware of the exclusive damages provision in the wrongful death act, it made no reference to a limitation on damages in the medical malpractice noneconomic damages cap statute.

The Legislature is presumed to have knowledge of existing laws. It is assumed to have measured the effect of new laws on all existing laws. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993). It is presumed to know that the wrongful death act provides specifically and exclusively for damages in wrongful death claims.

Therefore, it is significant that the Legislature declined the opportunity to list death as an injury subject to the damages cap in either the wrongful death act or the medical malpractice noneconomic damages cap statute. The inference is strong that the damages cap does not apply in wrongful death cases arising from underlying medical malpractice claims.

Other Legislation

The Legislature has specifically addressed death in other legislation. In the products liability cap act, MCL 600.2946a,

> a statute analogous to the damages cap, the Legislature not only specifically addressed death, but identified death as one of the two injuries that results in the second-tier cap:
>
> > "In an action for product liability, the total amount of damages for noneconomic loss shall not exceed $280,000.00, unless the defect in the product caused either the person's death or permanent loss of a vital bodily function, in which case the total amount of damages for

noneconomic loss shall not exceed $500,000.00."
[MCL 600.2946a(1).]

> Thus, while the Legislature was clearly
> aware that death is a possible injury in medical-
> malpractice claims just as in products-liability
> claims, it chose not to identify it as an injury
> subject to the damages cap. [*Jenkins, supra* at
> 135-136 (Kelly, J., concurring).]

MCL 600.6098(1) lends support to the plaintiff's argument. The language of this section requires a judge presiding over an action alleging medical malpractice to determine

> if the limitation of noneconomic damages
> provided for in section 1483 applies. If the
> limitation applies, the court shall set aside any
> amount of noneconomic damages in excess of the
> amount specified in section 1483.

The Legislature's use of the word "if" in MCL 600.6098(1) suggests that the limitation on noneconomic damages does not always apply in an "action alleging medical malpractice." This language supports the conclusion that the medical malpractice damages cap does not apply in wrongful death actions.

The majority claims that this section means that the cap is applicable only where the amount of a damage award exceeds the damages cap. It believes that the limitation does not apply if the jury award is less than the damages cap amount. I disagree. The cap is applicable even in that case. When it has not been necessary to reduce the award, the cap is unapplied, not inapplicable.

7

The majority references cases in which, it says, this Court has applied other statutes to the wrongful death act. *Ante* at 7. See *Halloran v Bhan* 470 Mich ___; ___ NW2d ___ (2004); *Grossman v Brown*, 470 Mich ___; ___ NW2d ___ (2004). This is accurate; however, the issue was not raised in those cases. The issue in *Halloran* and *Grossman* was not whether the statutes mentioned were properly applied to claims made under the wrongful death act. The parties in those cases raised questions involving medical malpractice expert witness's qualifications to testify. The parties did not question whether the statutes in question applied to the wrongful death act.

Likewise, contrary to the majority's characterization of *Solomon*[3] and *Rogers*,[4] this Court did not *hold* "that other statutory and common-law limitations on the amount of damages apply to wrongful death actions." *Ante* at 15-16. Again, those cases involved different issues. *Rogers* involved questions of governmental immunity, attorney misconduct, and various evidentiary claims. The only reference to wrongful death is in the factual background of the case. *Solomon* involved whether certain evidence was

---

[3] *Solomon v Shuell*, 435 Mich 104; 457 NW2d 669 (1990).

[4] *Rogers v Detroit*, 457 Mich 125; 579 NW2d 840 (1998).

8

admissible under an exception to the hearsay rule. It also involved the application of the rescue doctrine. Again, reference to the wrongful death nature of the case is mentioned only in the factual background. While the Court assumed the application of these statutes, that is a far cry from deciding an issue raised by the parties.

Furthermore, whether the savings provision in the wrongful death act[5] applies to medical practice actions[6] has little bearing on whether the Legislature intended that the *damages cap* statute applies. The wrongful death act specifically references the relevant statute of limitations provision of the underlying claim. MCL 600.5852; *Waltz v Wyse*, 469 Mich 642, 658-659; 677 NW2d 813 (2004) (Cavanagh, J., dissenting).

### Conclusion

The Legislature made no mention in the wrongful death act to there being a cap on damages available under it. No other act, including MCL 600.1483, makes the medical malpractice damages cap applicable to wrongful death actions. I conclude that the Legislature did not intend

---

[5] MCL 600.5852.

[6] See *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004).

9

that the medical malpractice damages cap should be applied to wrongful death actions.

Therefore, the Court of Appeals analysis and decision regarding this issue should be affirmed.

Marilyn Kelly
Michael F. Cavanagh

10