*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA HODGES, Personal Representative of the
ESTATE OF PATRICK ANTONIO CLEMONS-
HODGES,

        Plaintiff-Appellee,

v

CITY OF DETROIT, JULIAN HOLTS, and
MICHAEL MORGAN,

        Defendants-Appellants,

and

DETROIT FIRE DEPARTMENT EMS,

        Defendant.

UNPUBLISHED
July 21, 2022

No. 357709
Wayne Circuit Court
LC No. 20-014131-NH

Before: JANSEN, P.J., and O'BRIEN and HOOD, JJ.

PER CURIAM.

The City of Detroit appeals as of right the trial court's order partially denying its motion for summary disposition.[1] On appeal, the City argues that the trial court erred when it refused to grant the City governmental immunity from claims arising from the gross negligence of paramedics it employs. We disagree and affirm.

## I. BACKGROUND

In the early morning hours of January 4, 2019, 30-year-old Patrick Antonio Clemons-Hodges thought he was suffering a heart attack. He called emergency services, and defendants

---

[1] Defendants Julian Holts and Michael Morgan were parties to the dispositive motion and are listed as appellants, but they are not represented on appeal and have not raised any arguments on appeal.

Julian Holts and Michael Morgan were dispatched to Clemons-Hodges' home at around 4:00 a.m. to assist him. Upon their arrival, however, they did not immediately take Clemons-Hodges' vital signs, and instead encouraged him to stand up and walk because they believed he was too large for them to lift. Clemons-Hodges did so with the help of a walker. When Clemons-Hodges eventually laid down on a gurney, he slumped over and became unresponsive. Morgan and Holts proceeded to load Clemons-Hodges into the ambulance, connected him to a cardiac-monitoring device, and drove to DMC Sinai Grace Hospital. Along the way, the cardiac monitor alerted that CPR and other life-saving measures should be started immediately, but the data recorded by the device showed that no such treatment was performed before arriving at the hospital. Clemons-Hodges was pronounced dead at the hospital after resuscitation efforts failed.

Plaintiff's first amended complaint alleged in relevant part that Holts and Morgan were grossly negligent and that the City was vicariously liable. In lieu of filing an answer, the City moved for summary disposition under MCR 2.116(C)(7), arguing that it could not be held vicariously liable because it was engaged in a governmental function at the time and was therefore protected by governmental immunity. Plaintiff argued in response that she had successfully pleaded in avoidance of governmental immunity because her claims fell under the medical-care exception to governmental immunity. The trial court, in pertinent part, denied the City's motion for summary disposition, and the City now appeals.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). The City moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's claim was barred by governmental immunity. "To survive a motion raised under MCR 2.116(C)(7), the plaintiff must allege specific facts warranting the application of an exception to governmental immunity." *McLean v McElhaney*, 289 Mich App 592, 597; 798 NW2d 29 (2010). "The facts as alleged in the complaint must be accepted as true unless contradicted by the submitted evidence, and the court must evaluate all the evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7)." *Reed v State*, 324 Mich App 449, 452; 922 NW2d 386 (2018). "If the pleadings or documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred." *McLean*, 289 Mich App at 597.

Whether governmental immunity applies, as well as issues of statutory interpretation, are questions of law reviewed de novo. See *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010); *Manske v Dep't of Treasury*, 282 Mich App 464, 468; 766 NW2d 300 (2009).

## III. DISCUSSION

The City argues on appeal that it is immune from plaintiff's claims under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, and the emergency medical services act (EMSA), MCL 333.20901 *et seq.* We disagree.

The GTLA provides, in relevant part:

(1) Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function . . .

* * *

(4) This act does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient, except medical care or treatment provided to a patient in a hospital owned or operated by the department of community health or a hospital owned or operated by the department of corrections and except care or treatment provided by an uncompensated search and rescue operation medical assistant or tactical operation medical assistant. [MCL 691.1407(1), (4).]

By its plain terms, MCL 691.1407(1) provides broad immunity for governmental units, like the City, engaged in a governmental function unless an exception to that immunity is provided for in the act. Plaintiff is seeking to hold the City liable for medical care that its employees, Holts and Morgan, provided to Clemons-Hodges while Clemons-Hodges was a patient. Such a claim clearly falls into the medical-care exception to governmental immunity provided in MCL 691.1407(4),[2] and so the immunity provided in MCL 691.1407(1) is inapplicable. In short, the GTLA "does not grant immunity" to the City in this case because MCL 691.1407(4) applies.

Yet this is not the end of the analysis. Even though the GTLA does not provide the City immunity in this case, the EMSA still may. That act provides:

(1) Unless an act or omission is the result of gross negligence or willful misconduct, the acts or omissions of a medical first responder, emergency medical technician, emergency medical technician specialist, [or] paramedic . . . do not impose liability in the treatment of a patient on those individuals or any of the following persons:

* * *

(f) The authoritative governmental unit or units. [MCL 333.20965(1).]

By its terms, the EMSA provides immunity to a governmental unit like the City for the acts or omissions of its paramedics unless the act or omission is the result of gross negligence. "Stated affirmatively, this means that the city can be sued under this provision if the plaintiff can prove the city's emergency medical workers were grossly negligent in treating a patient." *Omelenchuk*

---

[2] While MCL 691.1407(4) provides instances where a governmental unit retains its immunity while providing medical care, the City has not argued that any of those exceptions apply here.

*v City of Warren*, 466 Mich 524, 528; 647 NW2d 493 (2002). This is what plaintiff pleaded—that Holts and Morgan were grossly negligent.[3]

Accordingly, governmental immunity under the GTLA does not apply because plaintiff is seeking to hold the City liable for medical care that its employees provided to Clemons-Hodges while Clemons-Hodges was a patient, see MCL 691.1407(4), and liability may be imposed under the EMSA because plaintiff alleges that the City's emergency medical workers were grossly negligent in their treatment of Clemons-Hodges, see MCL 333.20965(1); *Omelenchuk*, 466 Mich at 528.[4] The trial court therefore properly denied the City's motion for summary disposition on grounds of governmental immunity.

On appeal, the City raises several arguments, all of which are meritless. First, the City argues that it cannot be held vicariously liable for the acts of Holts and Morgan because (1) the City cannot be held vicariously liable for its employees' intentional torts, see *Payton v City of Detroit*, 211 Mich App 375, 393; 536 NW2d 233 (1995) (explaining that "the city is nonetheless entitled to immunity because it cannot be held liable for the intentional torts of its employees"), and (2) the City cannot be held vicariously liable for its employees' grossly negligent conduct, see *Yoches v City of Dearborn*, 320 Mich App 461, 476-477; 904 NW2d 887 (2017).

The first argument fails because the City does not explain which intentional tort plaintiff is supposedly holding the City vicariously liable for. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) (explaining that a party abandons an issue on appeal by failing to sufficiently brief it). Plaintiff's complaint and arguments allege only that the City is vicariously liable for its employees' gross negligence.

This leads to the City's second argument—that it cannot be held vicariously liable for its employees' grossly negligent conduct—which fails because a governmental unit is not vicariously liable for its employee's gross negligence only if the employee's conduct does not fall under one of the exceptions to governmental immunity applicable to governmental units. At issue in *Yoches*—the case on which the City relies for its argument—was whether a governmental unit could be held vicariously liable for an employee's gross negligence in all instances because, pursuant to MCL 691.1407(2), a government employee does not have governmental immunity for grossly negligent conduct. *Yoches* held that a government unit could not be held vicariously liable

---

[3] We need not address whether a reasonable factfinder could conclude that Holts and Morgan were grossly negligent in their treatment of Clemons-Hodges because neither the City nor Holts and Morgan raise any such argument on appeal.

[4] The City briefly argues that the GTLA and the EMSA conflict, but it does not sufficiently develop the argument to warrant addressing it. See *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) (explaining that a party abandons an issue on appeal by failing to sufficiently brief it). Moreover, there is no apparent conflict between the EMSA and the GTLA in their current forms. MCL 691.1407(4) provides that *the GTLA* does not grant immunity for governmental agencies "with respect to providing medical care or treatment to a patient," while MCL 333.20965(1) provides that *the EMSA* grants immunity for emergency medical workers and their governmental units except in cases of gross negligence.

for an employee's conduct under MCL 691.1407(2) because that subsection applied only to government employees. Thus, *Yoches* explained, "if an exception to governmental immunity does not apply 'as otherwise provided in this act,' . . . [then] the City would not be vicariously liable for [its employee's] negligence, regardless of whether it rises to the level of gross negligence." *Yoches*, 320 Mich App at 476-477. Conversely, if, like in this case, an exception to governmental immunity applies, then the governmental unit can still be held vicariously liable under that exception. Indeed, this was the result in *Yoches*. See *id*. at 475 (holding that, despite the city not being vicariously liable under MCL 691.1407(2), the city could still be held vicariously liable for its employees conduct under the motor vehicle exception).

Next, the City argues that, pursuant to our Supreme Court's holding in *Omelenchuk*, it has governmental immunity, and therefore cannot be held liable, because it was engaged in a governmental function at the time of plaintiff's injury. In making this argument, the City ignores the post-*Omelenchuk* amendment to MCL 691.1407(4) and the significance this amendment had on *Omelenchuk*'s holding.

The provisions at issue in *Omelenchuk* were MCL 691.1407(1) ("Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function . . . ."), and MCL 333.20965(1)(f) ("Unless an act or omission is the result of gross negligence or willful misconduct, the acts or omissions of a medical first responder, emergency medical technician, emergency medical technician specialist, [or] paramedic . . . do not impose liability in the treatment of a patient on those individuals or . . . the authoritative governmental unit."). At the time, there was no medical-care exception to governmental immunity, making the conflict between these statutes obvious—under the GTLA, a governmental unit was immune from tort liability while providing emergency medical treatment, but under the EMSA, a governmental unit could be liable for the gross negligence of its employees who provided emergency medical treatment. This conflict was resolved, in part, because MCL 333.20965(4) provided that the EMSA did "not limit immunity from liability otherwise provided by law," meaning that the GTLA had priority over the EMSA. Despite this, the *Omelenchuk* Court held that MCL 333.20965(1)(f) of the EMSA was not nugatory because the broad grant of immunity under the GTLA applied only when the government was engaged in "a governmental function," not when the government was engaged in a proprietary function, see MCL 691.1413 ("The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section."). Thus, *Omelenchuk* held, "if a governmental agency provides emergency medical services as part of its governmental functions, it has immunity, but, if it does so as part of a proprietary function, it does not." *Omelenchuk*, 466 Mich at 531.

Significantly, when *Omelenchuk* was decided, the current version of MCL 691.1407(4) was not in effect. See 2000 PA 318. As previously explained, MCL 691.1407(4) now provides that the broad grant of immunity in MCL 691.1407(1) does not apply "to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient." Thus, unlike in *Omelenchuk*, the immunity provided in MCL 691.1407(1) does not apply, regardless of whether the City was engaged in a governmental function. In other words, in light of the amendment to MCL 691.1407(4), *Omelenchuk* does not dictate the outcome of this case.

For its final argument, the City contends that plaintiff's claims fail because "Holts and Morgan did not provide medical care to the decedent in a hospital." None of the cases to which the City cites support that the medical-care exception to governmental immunity under MCL 691.1407(4) is only available for medical care provided "in a hospital." Regardless, MCL 691.1407(4) does not, by its terms, have such a limitation, and we cannot read a limitation into the statute that is not there. Accordingly, the City's argument is without merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien
/s/ Noah P. Hood