Young, J.
We granted leave in this wrongful death medical malpractice case to consider the interplay between MCL 600.5856(d)[1] and MCL 600.5852.[2] Specifically, we must determine whether § 5856(d), the medical malpractice notice tolling provision, tolls the additional period permitted for filing wrongful death actions under the wrongful death saving provision, § 5852. We conclude that § 5856(d) does not apply to the wrongful death saving provision and that, therefore, plaintiffs action was not timely filed. Accordingly, we affirm the judgment of the Court of Appeals.
I. FACTS[3] AND PROCEDURAL HISTORY
Plaintiff’s son, four-month-old Jerrith Waltz, died in the emergency room of defendant Hills & Dales Community General Hospital on April 18, 1994. In the months prior to his death, Jerrith was treated by defendant Dr. Carol Wyse for vomiting, diarrhea, *645 pneumonia, and problems leading to dehydration and an inabilily to eat.
Bearing in mind that plaintiff’s son died on April 18, 1994, particularly relevant to this appeal are the dates on which plaintiff took steps to file a medical malpractice action against the hospital and Dr. Wyse:
1. In January 1999, plaintiff, who had not yet been appointed personal representative of Jerrith’s estate, notified the hospital and Dr. Wyse of her intent to file suit as required by MCL 600.2912b.
2. On May 27, 1999, plaintiff was appointed personal representative of Jerrith’s estate.
3. On June 23, 1999, plaintiff, in her capacity as personal representative, filed a wrongful death medical malpractice complaint against the hospital and Dr. Wyse.
Defendants sought summary disposition, arguing that plaintiff had failed to file her complaint within either the applicable two-year limitation period for malpractice actions, MCL 600.5805(5),[4] or the additional period allowed for wrongful death actions under § 5852.[5] Defendants contended that the notice *646 tolling provision, § 5856(d),[6] did not toll the additional period provided for wrongful death actions under § 5852. Defendants argued that § 5852 was not itself a “statute of limitations or repose,” but was instead a saving provision that merely provided a “grace period” that extended the otherwise-applicable limitation period. Moreover, defendants contended that plaintiff had no authority to file her notices of intent in January 1999, before she was appointed personal representative; thus, the notices did not serve to toll the time limit for filing suit in any event.[7]
The trial court granted defendants’ motion, holding that (1) because the notice tolling provision, § 5856(d), did not toll the wrongful death “extension period,” § 5852, and (2) because plaintiff was not *647 appointed personal representative until after both the statute of limitations, § 5805(5), and the wrongful death “extension period” had expired, the action was time-barred.[8]
The Court of Appeals affirmed, holding that the trial court correctly concluded that the statute of limitations barred plaintiff’s claim. Unpublished opinion per curiam, issued October 1, 2002 (Docket No. 231324). We granted plaintiff’s application for leave to appeal.
II. STANDARD OF REVIEW
We review de novo decisions regarding summary disposition motions.[9] Under MCR 2.116(C)(7), summary disposition is proper when a claim is barred by the statute of limitations. In determining whether summary disposition was properly granted under MCR 2.116(C)(7), this Court “considers] all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or *648 other appropriate documents specifically contradict them.”[10]
III. ANALYSIS
A. SECTION 5856(D) DOES NOT OPERATE TO TOLL § 5852
Plaintiff argues that her complaint was timely filed under the wrongful death provision, § 5852, as extended by the notice tolling provision, § 5856(d). Plaintiff contends that in Omelenchuk v City of Warren, this Court applied the notice tolling provision to § 5852 and referred to § 5852 as setting forth a “limitation period.” Thus, despite the fact that she did not file her notices of intent until well after the expiration of the two-year malpractice limitation period, plaintiff claims that she had until October 17, 1999 (182 days after the notices of intent were served) to file suit.
The Court of Appeals rejected plaintiffs argument, holding that the notice tolling provision did not toll the extended filing period for wrongful death actions:
In general, the statute of limitations for a wrongful death action is the statute of limitations for the underlying theory of liability, Eggleston v Bio-Medical Applications of Detroit, Inc, 248 Mich App 640, 646; 645 NW2d 279 (2001), which is two years for medical malpractice, id., MCL 600.5805(5); Solowy v Oakwood Hosp Corp, 454 Mich 214, 219; 561 NW2d 843 (1997). . . . However, a wrongful death savings provision applies if the deceased died either before or within thirty days after the period of limitations ended. MCL 600.5852; McNeil v Quines, 195 Mich App 199, 202; 489 NW2d 180 (1992). Under the savings provision, the personal representative of an estate may begin a lawsuit within two *649 years after letters of authority are issued, as long as the lawsuit is brought within three years after the two-year general period of limitations ended. MCL 600.5852; McNeil, supra at 202. This creates a maximum time of five years for filing suit, unless the six-month discovery rule in MCL 600.5838(2) applies.
Here, plaintiff failed to file her complaint within five years after her son’s death. However, she argues that the five-year period was tolled for 182 days when her attorney sent both defendants notices of intent before filing suit, as required when a person alleges medical malpractice, MCL 600.2912b(1). See also Rheaume v Vandenberg, 232 Mich App 417, 421; 591 NW2d 331 (1998). Generally, the potential plaintiff must wait at least 182 days after giving notice before filing a complaint, MCL 600.2912b(l); however, this period is reduced to 154 days if, as in this case, there was no written response to the notice, MCL 600.2912b(8). See also Omelenchuk, supra at 572-573. When the interval when a potential plaintiff is not allowed to commence an action would end after the expiration of the limitations period, then MCL 600.5856(d) applies and the period of limitations is tolled for 182 days, Omelenchuk, supra at 574-575, if the notice meets the substantive requirements set forth in MCL 600.2912b, Roberts v Mecosta Co General Hosp, 466 Mich 57, 59, 67, 70-71; 642 NW2d 663 (2002).
Here, the parties do not dispute that the wrongftd death savings statute applied, and thus plaintiff could file suit within five years of the infant’s death, which plaintiff did not do. However, plaintiff claims that the notices of intent given to defendants tolled the extended five-year limit set forth in the savings statute, MCL 600.5852. We disagree. We need look no further than the language of the tolling statute to resolve this issue. MCL 600.5856(d) expressly tolls the “statute of limitations.” The Supreme Court has said recently that MCL 600.5852 is not a statute of limitations, but rather a savings statute. Miller [v Mercy Memorial Hosp, 466 Mich 196; 644 NW2d 730 (2002).] Therefore, by its express language, MCL 600.5856(d) tolls the statute of limitations, not the extended limit in MCL 600.5852. Conse *650 quently, the trial court did not err because the statute of limitations barred plaintiff’s claim. [Slip op, pp 2-3.][11]
We agree with and adopt the reasoning of the Court of Appeals in affirming the grant of summary disposition for defendants. Section 5856(d), by its express terms, tolls only the applicable “statute of limitations or repose.” As we recently stated in Miller, supra at 202, the wrongful death provision, § 5852, “is a saving statute, not a statute of limitations.” (Emphasis supplied.)[12] See also Lindsey v Harper Hosp, in which we explained that § 5852, as “the statute of limitations saving provision” and an “exception to the statute of limitations,” operated “to suspend the running of the statute until a personal representative is appointed to represent the interests of the estate.”[13]
*651 The plain language of § 5852 wholly supports our conclusion that it is not itself a “statute of limitations.” Again, § 5852 provides:
If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [Emphasis supplied.]
By its own terms, § 5852 is operational only within the context of the separate “period of limitations” that would otherwise bar an action. Section 5852 clearly provides that it is an exception to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired.
In this case, the two-year limitation period provided in § 5805(5) expired on April 18, 1996, two years after Jerrith’s death. In order to toll the period under § 5856(d), plaintiff was required to provide notices of intent in compliance with the provisions of MCL 600.2912b before the expiration of the two-year limitation period. Had she done so, the limitation period would have been tolled for 182 days. See Omelenchuk, supra.
However, plaintiff did not provide her notices of intent until January 1999, well after the expiration of the two-year limitation period. As we have explained, the three-year ceiling provided in the wrongful death saving provision was not “tolled” following plaintiffs *652 provision of the notices of intent. Thus, plaintiff’s June 23, 1999, complaint was time-barred.[14]
B. OMELENCHUK v WARREN
Plaintiff argues, and the Court of Appeals apparently agreed, that this Court in Omelenchuk applied the notice tolling provision to § 5852. See slip op, p 3 n 2. We take this opportunity to clarify our holding in Omelenchuk.
The issue in Omelenchuk was whether the malpractice notice tolling provision tolled the statutory limitation period for a full 182 days or, instead, for only 154 days, when a medical malpractice claimant does not receive the written response to the notice of intent contemplated under MCL 600.2912b(7).[15] We held that the limitation period was tolled for the entire 182-day period, notwithstanding the fact that the plaintiffs, who were appointed personal representatives of the *653 decedent’s estate the day after his death and who filed their notice of intent before the expiration of the two-year limitation period, could have commenced their lawsuit after only 154 days.
It was unnecessary in Omelenchuk to determine whether the 182-day notice tolling provision applied to the wrongful death saving provision. The plaintiffs’ decedent died on February 13, 1994. Leaving aside application of the wrongful death saving provision, the two-year medical malpractice limitation period would thus have expired on February 13, 1996. The plaintiffs filed their notice of intent on December 11, 1995, and they did not receive a written response from the defendants. We held that the plaintiffs were entitled to a tolling period of a full 182 days, rather than only 154 days, even though under MCL 600.2912b(8) they could have filed suit after 154 days. Applying the 182-day tolling period, the two-year limitation period would have expired on August 13, 1996, irrespective of the wrongful death saving statute. The plaintiffs filed their complaint on July 19, 1996, well before expiration of the limitation period as extended by the tolling provision.
The source of the confusion surrounding our holding in Omelenchuk stems in part from our passing references to § 5852 as creating a “limitation period.” See, e.g., Omelenchuk, supra at 577:
In the present case, the plaintiffs’ decedent died on February 13, 1994. The plaintiffs received their letters of authority the next day, February 14, 1994. Thus, [pursuant to § 5852,] the two-year limitation period was set to expire on February 14, 1996. [Emphasis added.]
*654 To the extent that our imprecise choice of words in Omelenchuk implied that § 5852 created a separate “limitation period,” we again clarify that § 5852 is not a statute of limitations, but a saving statute.
We additionally note that we mistakenly, and unnecessarily, based our time calculations on a starting date of February 14, 1994 (the date the personal representatives were appointed), when we should have based those calculations on the accrual date of the cause of action, February 13, 1994 (the date of the decedent’s death). See Omelenchuk, supra at 577:
In the present case, the plaintiffs’ decedent died on February 13, 1994. The plaintiffs received their letters of authority the next day, February 14, 1994. Thus, the two-year limitation period was set to expire on February 14, 1996.
On December 11, 1995 (sixty-five days before the expiration of the limitation period) the plaintiffs provided the required notice to the defendants. As a result of the notice, the limitation period was tolled one hundred eighty-two days. Rather than expiring on February 14, 1996, the limitation period thus was tolled from December 11, 1995, until June 10, 1996; it then resumed for another sbdy-five days until it expired on August 14, 1996.
The plaintiffs . . . filed their complaint on July 19, 1996, nearly a month before the end of the recalculated limitation period.
We should have stated that rather than expiring on February 13, 1996, the limitation period was tolled from December 11, 1995, until June 10, 1996, and then resumed for another sixty-five days until it expired on August 13, 1996. In any event, it was unnecessary to apply the wrongful death saving provision because *655 the action was commenced within the two-year limitation period. To the limited extent that the above-quoted portion of Omelenchuk might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision, it is hereby overruled.
IV. CONCLUSION
Section 5852 is a saving provision designed “to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions.” Lindsey, supra at 66. It is not a “statute of limitations” or a “statute of repose.” Thus, the notice tolling provision, § 5856(d)—which explicitly applies only to “the statute of limitations or repose”—does not operate to toll the additional period permitted under § 5852 for filing wrongful death actions. Because plaintiff did not file her complaint until well after the expiration of both the two-year limitation period for malpractice actions and the grace period provided for in § 5852, the lower courts properly determined that the action was time-barred. Accordingly, we affirm the judgment of the Court of Appeals.
Corrigan, C.J., and Weaver, Taylor, and Markman, JJ., concurred with Young, J.

 MCL 600.5856(d) tolls the applicable “statute of limitations or repose” when a claimant, in compliance with MCL 600.2912b, provides written notice of her intent to commence a medical malpractice action.

 MCL 600.5852 extends the otherwise-applicable limitation periods for wrongful death actions.

 This matter was resolved on summary disposition. We accept for purposes of this appeal the accuracy of the recitation of facts contained in plaintiff’s notice of intent to file suit and complaint.

 MCL 600.5805(5) was renumbered as MCL 600.5805(6) by 2002 PA 715, effective March 31, 2003.

 MCL 600.5852 provides:
If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.
Thus, § 5852 provides an exception to the otherwise-applicable limitation periods by permitting the personal representative of a decedent’s estate to file a wrongful death action up to two years after letters of authority are issued, subject to a three-year ceding.

 MCL 600.5856 provides, in relevant part:
The statutes of limitations or repose are tolled:
* * *
(d) If, during the applicable notice period under [MCL 600.2912b], a claim would be barred by the statute of limitations or repose, for not longer than a number days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.
Under this provision, the limitation period is tolled for 182 days if the plaintiff provides a valid notice of intent before the limitation period expires. See MCL 600.2912b(l); Omelenchuk v City of Warren, 461 Mich 567; 609 NW2d 177 (2000).

 In addition to her contention that the statute of limitations barred plaintiff’s action, defendant Wyse argued that (1) plaintiff failed to state a claim upon which relief could be granted because she failed to allege Dr. Wyse’s standard of care or facts demonstrating proximate cause; (2) plaintiff’s affidavit of merit did not comply with the provisions of MCL 600.2912d; and (3) plaintiff’s notice of intent to file suit did not comply with the provisions of § 2912b. Defendant hospital joined in defendant Wyse’s motion only with respect to the statute of limitations issue. Because we conclude that summary disposition was properly granted on that basis, it is unnecessary to address the additional issues raised by Dr. Wyse.

 Although in light of our resolution of this matter it is not necessary to address at any length the significance of the fact that plaintiff had not yet been appointed personal representative at the time that she filed her notices of intent, we note that former MCL 700.332 (repealed and recodified in part at MCL 700.3701, 1998 PA 386, effective April 1, 2000) provided that “[t]he powers of an independent personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring before the appointment the same effect as those occurring thereafter.”
The trial court additionally held that plaintiff failed to state a claim on which relief could be granted, MCR 2.116(C)(8), because she failed to specifically plead the applicable standard of care. Because we agree that the statute of limitations barred plaintiff’s action, we need not address this alternate ground for summary disposition.

 Maskery v Bd of Regents, 468 Mich 609, 613; 664 NW2d 165 (2003).

 Fane v Detroit Library Comm, 465 Mich 68, 74; 631 NW2d 678 (2001); MCR 2.116(G)(5).

11 The panel distinguished Omelenchuk:
To the extent that plaintiff relies on Omelenchuk, supra at 577, we find that case distinguishable. In that case, the Supreme Court added the 182-day tolling period to the two-year limitation period that started when the personal representative was appointed, not the five-year maximum at issue here. [Slip op, p 3 n 2.]

 Even our dissenting colleague agrees that it has long been settled that § 5852 is not a statute of limitations, but a savings provision. See post at 663. However, the dissent does not address the plain language of § 5856(d), which tolls only the applicable “statute of limitations or repose."
The dissent further questions “how a claim may be considered time-barred under the saving provision if the saving provision is not a limitation period.” Post at 664. The dissent misunderstands our analysis. Plaintiffs claim is not time-barred under the saving provision. Rather, it is barred by the two-year statute of limitations for medical malpractice actions. The saving provision simply does not save plaintiff’s claim because she did not file her complaint until after the grace period provided for in the saving provision had expired.

 Lindsey v Harper Hosp, 455 Mich 56, 60-61, 65; 564 NW2d 861 (1997).

 We disagree with the dissent’s assertion that our reading of the applicable statutes “effectively reduce[s]” by 182 days the two- and three-year periods provided for in § 5852. See post at 671. Plaintiff had a full two years after letters of authority were issued to commence her claim, as long as the claim was commenced within three years after the expiration of the two-year limitation period for medical malpractice actions. Additionally, plaintiff was entitled to a 182-day tolling period under § 5856(d), provided that she filed her notice of intent at some point before the expiration of that two-year limitation period. Potentially, then, under §§ 5805(5), 5852, and 5856(d), plaintiff had five years plus 182 days to commence her lawsuit following the accrual of her cause of action. However, because plaintiff waited until nearly five years had passed after her infant’s death to file her notice of intent, there was simply no unexpired “statute of limitations” to toll. This analysis in no way shortens either the two-year extension period or the three-year ceiling provided for in § 5852.

 MCL 600.2912b(7) provides that the recipient of a notice of intent shall furnish a written response within 154 days after receipt. MCL 600.2912b(8) provides that if no response is received by the claimant, he may commence a medical malpractice action upon the expiration of the 154-day period rather than waiting out the full 182-day period otherwise contemplated by § 2912b(1).