Kelly, J.
(dissenting). I disagree with the majority’s conclusion that the medical malpractice noneconomic damages cap applies to wrongful death actions. The Court of Appeals analysis and decision concerning this issue were correct and should be affirmed.
STATUTORY INTERPRETATION
This Court has often repeated the proper approach to interpreting statutes. We recently stated:
“The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. Tryc v Michigan Veterans’ Facility, 451 Mich 129, 135; 545 NW2d 642 (1996). To do so, we begin with the statute’s language. If the statute’s language is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. People v Stone, 463 Mich 558, 562; 621 NW2d 702 (2001). In reviewing the statute’s language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. Altman v Meridian Twp, 439 Mich 623, 635; 487 NW2d 155 (1992).” *175 [Omelenchuk v City of Warren, 466 Mich 524, 528; 647 NW2d 493 (2002), quoting Wickens v Oakwood Healthcare Sys, 465 Mich 53, 60; 631 NW2d 686 (2001).]
THE WRONGFUL DEATH ACT
The wrongful death act[1] is the exclusive remedy in wrongful death cases. Courtney v Apple, 345 Mich 223, 228; 76 NW2d 80 (1956). The Court of Appeals correctly reasoned that the medical malpractice noneconomic damages cap found in MCL 600.1483 does not apply to actions brought under the act. Jenkins v Patel, 256 Mich App 112; 662 NW2d 453 (2003). Furthermore, the Court of Appeals concurring opinion of Judge KELLY underscores that a plain language reading of the act precludes the application of the MCL 600.1483 cap.
The wrongful death act was passed to ensure the preservation of claims that, at common law, would have terminated with the death of the victim or the tortfeasor. Hawkins v Regional Medical Laboratories, PC, 415 Mich 420, 428-429; 329 NW2d 729 (1982). To ensure the survival of a claim, a wrongful death claim must be filed in conformity with the provisions of the act.
An injured plaintiff may file suit under other statutory provisions. However, if he dies in the course of litigation, to recover damages for the death, his estate must file a claim under the wrongful death act. MCL 600.2921. The act contains no cap on the damages available. See MCL 600.2922. It was not amended by tort reform legislation.[2]
*176 In this case, the decedent’s estate sought damages for losses sustained by the decedent’s seven children and seven siblings. A malpractice action brought on behalf of the decedent had she been alive would not have survived her. Plaintiff had no alternative but to file suit under the wrongful death act.
The act contains the substance, procedures, and the measure of damages in an action brought against one who has caused the death of another.
MCL 600.2922(6) provides:
In every action under this section, the court or jury may award damages as the court or jury shall consider fair and equitable, under all the circumstances including reasonable medical, hospital, funeral, and burial expenses for which the estate is liable; reasonable compensation for the pain and suffering, while conscious, undergone by the deceased person during the period intervening between the time of the injury and death; and damages for the loss of financial support and the loss of the society and companionship of the deceased.
Indisputably, plaintiffs action is governed by the specific provisions of the act. I agree with the Court of Appeals majority that
standing alone, the [wrongful death act] mandates recovery in any amount, limited only by the requirement that the amount be fair and equitable, for noneconomic losses, including those for loss of society and companionship. Without taking into consideration the damages cap ... the [act] clearly and unambiguously governs a medical-malpractice action involving death and the accompanying request for damages. This was clearly the Legislature’s intent in enacting the [act]. Tort-reform legislation, which included the damages cap, did not result in any amendment of the [act], [Jenkins, supra at 119-120.]
In short, the only limitation intended by the Legislature on noneconomic damages under the wrongful death act is that the amount be fair and equitable.
*177 THE MEDICAL MALPRACTICE NONECONOMIC DAMAGES CAP STATUTE
I agree with Court of Appeals Judge KELLY that the wrongful death act and the medical malpractice damages cap statute need not be read in pari materia. The statutes serve different purposes. The medical malpractice damages cap serves to limit liability in a medical malpractice action. As stated above, the wrongful death act provides for the survival of an action once the victim dies. It allows the estate to recover damages for the value to the estate of the life of the deceased. While the Legislature could have made the medical malpractice damages cap expressly applicable to wrongful death actions, it chose not to do so.
The wrongful death act specifically provides for damages in actions filed in accordance with its provisions. See MCL 600.2922(6). Just as this Court should not expand the remedies available under the act, it should not narrow them, absent an explicit indication that the Legislature intended it.
If the Legislature wanted the medical malpractice damages cap statute to apply in wrongful death actions, some indication of that intention would be present in the language of the wrongful death act. Furthermore, although the Legislature was aware of the exclusive damages provision in the wrongful death act, it made no reference to a limitation on damages in the medical malpractice noneconomic damages cap statute.
The Legislature is presumed to have knowledge of existing laws. It is assumed to have measured the effect of new laws on all existing laws. Walen v Dep’t of Corrections, 443 Mich 240, 248; 505 NW2d 519 (1993). It is presumed to know that the wrongful death act *178 provides specifically and exclusively for damages in wrongful death claims.
Therefore, it is significant that the Legislature declined the opportunity to list death as an injury subject to the damages cap in either the wrongful death act or the medical malpractice noneconomic damages cap statute. The inference is strong that the damages cap does not apply in wrongful death cases arising from underlying medical malpractice claims.
OTHER LEGISLATION
The Legislature has specifically addressed death in other legislation. In the products liability cap act, MCL 600.2946a,
a statute analogous to the damages cap, the Legislature not only specifically addressed death, but identified death as one of the two injuries that results in the second-tier cap:
“In an action for product liability, the total amount of damages for noneconomic loss shall not exceed $280,000.00, unless the defect in the product caused either the person’s death or permanent loss of a vital bodily function, in which case the total amount of damages for noneconomic loss shall not exceed $500,000.00.” [MCL 600.2946a(l).]
Thus, while the Legislature was clearly aware that death is a possible injury in medical-malpractice claims just as in products-liability claims, it chose not to identify it as an injury subject to the damages cap. [Jenkins, supra at 135-136 (Kelly, J., concurring).]
MCL 600.6098(1) lends support to the plaintiffs argument. The language of this section requires a judge presiding over an action alleging medical malpractice to determine
*179 if the limitation of noneconomic damages provided for in section 1483 applies. If the limitation applies, the court shall set aside any amount of noneconomic damages in excess of the amount specified in section 1483.
The Legislature’s use of the word “if” in MCL 600.6098(1) suggests that the limitation on noneconomic damages does not always apply in an “action alleging medical malpractice.” This language supports the conclusion that the medical malpractice damages cap does not apply in wrongful death actions.
The majority claims that this section means that the cap is applicable only where the amount of a damage award exceeds the damages cap. It believes that the limitation does not apply if the jury award is less than the damages cap amount. I disagree. The cap is applicable even in that case. When it has not been necessary to reduce the award, the cap is unapplied, not inapplicable.
The majority references cases in which, it says, this Court has applied other statutes to the wrongful death act. Ante at 165. See Halloran v Bhan 470 Mich 572; 683 NW2d 129 (2004); Grossman v Brown, 470 Mich 593; 685 NW2d 198 (2004). This is accurate; however, the issue was not raised in those cases. The issue in Halloran and Grossman was not whether the statutes mentioned were properly applied to claims made under the wrongful death act. The parties in those cases raised questions involving medical malpractice expert witness’s qualifications to testify. The parties did not question whether the statutes in question applied to the wrongful death act.
Likewise, contrary to the majority’s characterization of Solomon[3] and Rogers,[4] this Court did not hold “that *180 other statutory and common-law limitations on the amount of damages apply to wrongful death actions.” Ante at 171. Again, those cases involved different issues. Rogers involved questions of governmental immunity, attorney misconduct, and various evidentiary claims. The only reference to wrongful death is in the factual background of the case. Solomon involved whether certain evidence was admissible under an exception to the hearsay rule. It also involved the application of the rescue doctrine. Again, reference to the wrongful death nature of the case is mentioned only in the factual background. While the Court assumed the application of these statutes, that is a far cry from deciding an issue raised by the parties.
Furthermore, whether the savings provision in the wrongful death act[5] applies to medical practice actions[6] has little bearing on whether the Legislature intended that the damages cap statute applies. The wrongful death act specifically references the relevant statute of limitations provision of the underlying claim. MCL 600.5852; Waltz v Wyse, 469 Mich 642, 658-659; 677 NW2d 813 (2004) (Cavanagh, J., dissenting).
conclusion
The Legislature made no mention in the wrongful death act to there being a cap on damages available under it. No other act, including MCL 600.1483, makes the medical malpractice damages cap applicable to wrongful death actions. I conclude that the Legislature did not intend that the medical malpractice damages cap should be applied to wrongful death actions.
*181 Therefore, the Court of Appeals analysis and decision regarding this issue should be affirmed.
CAVANAGH, J., concurred with KELLY, J.

 MCL 600.2922.

 The most recent amendment to the wrongful death act occurred in 2000. This amendment made modifications to the statute in conformity with the Estates and Protected Individuals Code. MCL 700.1101 et seq. Before that, the statute was amended in 1985. It was not amended in 1995, when tort reform legislation was passed.

 Solomon v Shuell, 435 Mich 104; 457 NW2d 669 (1990).

 Rogers v Detroit, 457 Mich 125; 579 NW2d 840 (1998).

 MCL 600.5852.

 See Waltz v Wyse, 469 Mich 642; 677 NW2d 813 (2004).