# Order

Michigan Supreme Court
Lansing, Michigan

April 21, 2006

129639(62)
129640

TIMOTHY KING, Personal
Representative of the Estate of
ANDREW BAKER,
        Plaintiff-Appellant,

v

MICHAEL BRIGGS, D.O., MERLE
HUNTER, M.D., EMERGENCY
PHYSICIANS MEDICAL GROUP,
P.C., and McPHERSON HOSPITAL,
a/k/a TRINITY HEALTH-MICHIGAN,
        Defendants-Appellees.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129639, 129640
COA: 259136, 259229
Livingston CC: 04-020535-NH

_____/

On order of the Court, the motion for reconsideration of this Court's order of December 27, 2005 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

MARKMAN, J., concurs and states as follows:

Plaintiff has filed a motion for reconsideration with regard to this Court's order denying his application for leave to appeal. Plaintiff specifically requests that this Court grant leave to clarify footnote 14 of *Waltz v Wyse,* 469 Mich 642, 652 (2004).

In *Waltz,* this Court held that although the filing of a notice of intent in compliance with MCL 600.2912b tolls the two-year period of limitations, MCL 600.5805(6), it does not toll the additional period permitted for filing wrongful death actions under the wrongful death saving provision, MCL 600.5852, because MCL 600.5856(d) only tolls the applicable "statute of limitations" and the wrongful death saving provision is not a statute of limitations.

In footnote 14 of *Waltz*, *supra* at 652, we stated, "Potentially, then, under §§ 5805(5), 5852, and 5856(d), plaintiff had *five years plus 182 days* to commence her lawsuit following the accrual of her cause of action." (Emphasis in original). Plaintiff states that the only possible way the period for filing a complaint can be extended to "five years plus 182 days" is if the filing of the notice of intent tolls the additional period permitted for filing wrongful death actions under the wrongful death saving provision. I respectfully disagree.

A plaintiff may have "five years plus 182 days" to file a complaint if the plaintiff files a notice of intent before the expiration of the two-year limitations period. If a plaintiff files a notice of intent before the expiration of the two-year limitations period, this period may be tolled for 182 days and, if the plaintiff is issued letters of authority one year and 182 days after filing the notice of intent, the plaintiff may have until three years after the period of limitations has run to file a complaint. Two years, plus 182 days, plus three years equals "five years plus 182 days." Therefore, a plaintiff may have "five years plus 182 days" to file a complaint, not because the additional period permitted for filing a wrongful death action under the wrongful death saving provision is tolled, but because the two-year limitations period is tolled.

CAVANAGH, J., would grant reconsideration and, on reconsideration, would grant leave to appeal.

KELLY, J., would grant reconsideration and, on reconsideration, would grant leave to appeal to reconsider *Waltz v Wyse*, 469 Mich 642 (2004).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 21, 2006

*Corbin R. Davis*

Clerk

p0418