# Order

Michigan Supreme Court
Lansing, Michigan

April 21, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128968
& (21)
(23)
(25)

BRYAN HALL,
   Petitioner-Appellant,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS,
   Respondent-Appellee.

SC: 128968
COA: 259951
Ingham CC: 04-000840-AA

_____/

   By order of December 15, 2005, this Court directed the Attorney General, on behalf of the respondent Department of Corrections, to answer the petitioner's application for leave to appeal. The answer having been filed, the application for leave to appeal the May 26, 2005 order of the Court of Appeals is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The motion to add issues is DENIED. The motion to file amended reply brief is GRANTED.

   CORRIGAN, J., concurs and states as follows:

   I concur in the order denying leave to appeal. Petitioner, a prisoner in a state correctional facility, was found guilty at a formal disciplinary hearing of being an accomplice to an attempted escape and to possession of dangerous contraband. His request for a rehearing was denied. He then filed a petition for appellate review in the circuit court, but the court dismissed the petition because it was not filed within 60 days of the denial of the motion for rehearing, as required by MCL 791.255(2). The Court of Appeals denied petitioner's application for leave to appeal.

   Petitioner then applied for leave to appeal in this Court. In his application, petitioner attempted to explain why his petition was not filed timely in the circuit court. He asserted that he had mailed the appeal documents to a friend before the filing

deadline, and that when the friend mailed the documents back to the prison, the prison officials refused to turn the papers over to petitioner because they contained information regarding another prisoner's escape.

Justice Kelly's dissenting statement repeats the above accusations that petitioner has leveled, but Justice Kelly fails to mention that this Court has already ordered, received, and considered a response from the Attorney General on this matter. In his response, the Attorney General states that an administrative hearing was held, at which the rejection of the mail was upheld. There was no indication at the hearing that the rejected mail delivery contained petitioner's appeal papers.

The Attorney General also attached a response to a grievance that was prepared following the administrative hearing upholding the rejection of the mail. This grievance response reflects that the mail was not allowed into the correctional facility for the following reasons:

1. It was for the purposes of operating a business enterprise from within the facility.

2. The publications enclosed in the mail were not received directly from a vendor.

3. *It depicted, encouraged, or described methods of escape from a correctional facility.*

4. *It was written in code, or in a foreign language that could not be interpreted by institutional staff to the extent necessary to conduct an effective search.* [Grievance response (emphasis added).]

In any event, the Attorney General states that petitioner had full access to the prison law library and copy facilities. Petitioner could easily have prepared and mailed the simple, two-page petition form that was required to file a timely appeal in the circuit court. Thus, the rejection of the mail did not affect petitioner's ability to perfect a timely appeal.

In light of the Attorney General's response, I find no basis to conclude that the prison officials were responsible for petitioner's untimely filing of his appeal. Accordingly, I concur in the denial of the application for leave to appeal.

KELLY, J., dissents and states as follows:

Petitioner, an inmate in the state prison system, was found guilty at a formal disciplinary hearing of being an accomplice to an attempted escape and to possession of dangerous contraband. He sought leave to appeal in the circuit court, but his papers

arrived after the expiration of the 60-day deadline. The reason for his late filing, petitioner claims, is that prison officials delayed his application.

Petitioner asserts that he mailed appeal papers to a friend for advice and photocopying well before the filing deadline. The friend mailed the requested copies to petitioner at the prison, and they were delivered there on April 30, 2004. The deadline for filing petitioner's appeal was May 6. But the prison officials refused to turn the papers over to petitioner because, they asserted, they contained information on another prisoner's escape.

The prison officials did not notify petitioner that the papers were being held until May 4, 2004. Petitioner immediately requested an administrative hearing, and one was held on May 18, 2004. The prison officials still refused to give petitioner the papers after the conclusion of the hearing. Petitioner relates that he then prepared new papers and mailed them to the court as a delayed petition on May 26, 2004. The petition was received and filed at the circuit court on June 2, 2004, 27 days after the deadline. The circuit court dismissed petitioner's appeal because a delayed application is not permitted under the statute.

After the Court of Appeals refused to hear his case, petitioner appealed to this Court. He urges that his application for leave should be granted and that the original filing deadline should be deemed tolled. He claims that, but for the prison officials' conduct, his appeal would have been filed on time.

I would remand this case to the circuit court for a determination whether petitioner could have filed within the deadline but for the acts of the prison officials. If the court were to find that the prison officials precluded petitioner's timely filing, the appeal should be heard as if the petition had been filed on time.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 21, 2006

_Corbin R. Davis_
Clerk