*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW PONIEWIERSKI, Personal
Representative of the ESTATE OF ASHLEY
PONIEWIERSKI,

UNPUBLISHED
December 1, 2022

Plaintiff-Appellant,

v

No. 356925
Oakland Circuit Court
LC No. 2020-184202-NH

WILLIAM BEAUMONT HOSPITAL ROYAL
OAK, ASCENSION ST. JOHN MACOMB-
OAKLAND HOSPITAL, MICHIGAN
HEALTHCARE PROFESSIONALS, PC, doing
business as OAKLAND MEDICAL GROUP,
RONALD RASANSKY, D.O., STEPHEN
HOFFMAN, D.O., ZUIE C. WAKADE, D.O.,
TUSAR DESAI, M.D., and AKRITI
DEWANWALA, M.D.,

Defendants-Appellees.

Before: BOONSTRA, P.J., and GADOLA and HOOD, JJ.

PER CURIAM.

In this wrongful-death medical malpractice action, plaintiff, personal representative of the estate of Ashley Poniewierski (decedent), appeals as of right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7). Because the trial court, citing *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), correctly ruled that plaintiff's service of a notice pursuant to MCL 600.2912b did not toll the two-year wrongful-death saving period under MCL 600.5852, we affirm.

## I. BACKGROUND

The relevant facts are not in dispute. At various times between February 17, 2017, and June 3, 2017, decedent was treated by defendants for chronic abdominal pain that she had been suffering for approximately one year. On June 12, 2017, decedent was found unresponsive in her

home. An autopsy determined the cause of her death as inflammatory bowel disease and related complications.

Eleven months later, on May 14, 2018, plaintiff was appointed personal representative of decedent's estate under letters of authority issued by the Macomb Probate Court. On April 20, 2020, plaintiff served a notice of intent to file a medical malpractice claim (NOI) on defendants.

On October 23, 2020, plaintiff filed a complaint and affidavit of meritorious claim in the Oakland Circuit Court, alleging claims for medical malpractice and loss of consortium against all defendants. Defendants denied plaintiff's allegations as untrue and asserted, as affirmative defenses, that plaintiff's claims were barred by the applicable statute of limitations.

In three separate motions for summary disposition pursuant to MCR 2.116(C)(7), defendants asserted that the two-year limitations period applicable to medical malpractice actions, MCL 600.5805(8),[1] had expired before plaintiff served the NOI on defendants. Defendants recognized that the wrongful-death saving provision, MCL 600.5852, extended the time for filing a wrongful-death action for two years following the issuance of letters of authority, but, citing *Waltz*, defendants contended that the notice-tolling provision for medical malpractice cases, MCL 600.5856(c), did not apply to the wrongful-death saving provision, MCL 600.5852. Defendants asserted that plaintiff was required to file his complaint in this case not later than August 24 or 25, 2020; because the complaint was not filed until October 23, 2020, defendants contended that they were entitled to summary disposition as a matter of law.

Responding to these motions, plaintiff asserted that the various statutes governing medical malpractice and wrongful-death actions must be read *in pari materia* and construed as consistent with each other to implement the intent of the Legislature. Acknowledging that the two-year statute of limitations, MCL 600.5805(8), governed this medical malpractice action, plaintiff asserted that this period of limitations was extended by the wrongful-death saving provision, MCL 600.5852(1), and extended further pursuant to MCL 600.5856(c), tolling the limitations period following the service of the NOI. Citing MCL 600.5852(4), plaintiff contended that the deadline for commencing this action was April 20, 2022, and that this action was timely filed on October 23, 2020.

Attempting to distinguish *Waltz* from this case, plaintiff asserted that, in *Waltz*, the plaintiff had failed to file her complaint within the maximum five-year period established by the statute of limitations and the wrongful-death saving provision, but the complaint in this case was filed 18 months before the expiration of that period. Contending that *Waltz* was incorrectly decided, plaintiff urged the trial court to instead apply the decisions of our Supreme Court in *Hardy v Maxheimer*, 429 Mich 422; 416 NW2d 299 (1987) and *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 177 (2000), overruled by *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004). Plaintiff argued that in *Waltz* the Supreme Court directly contravened MCL 600.2912b and ignored

---

[1] At the time plaintiff's claim accrued in this case, the two-year limitations period for malpractice actions was codified at MCL 600.5805(6); the statute was later amended by 2018 PA 183 and the two-year limitations period is now codified at MCL 600.5805(8).

clear statutory language. Plaintiff argued that application of *Waltz* to this case was "essentially asking by judicial fiat to shorten the two-year extension provided under MCL 600.5852 to 18 months."

In reply, defendants rejected plaintiff's reliance on *Hardy* and *Omelenchuk*, asserting that our Supreme Court implicitly overruled *Hardy* and explicitly overruled *Omelenchuk* in *Waltz*. Defendants also observed that plaintiff could have served the NOI at any time between June 4, 2017, and November 14, 2019, but failed to do so, and asserted that the trial court could not adopt plaintiff's argument "without violating MCR 7.215(C)(2) and principles of stare decisis."

On March 31, 2021, the trial court heard oral arguments on the motions for summary disposition via Zoom videoconferencing. The trial court issued its opinion and order six days later. The court ruled that defendants were entitled to summary disposition, explaining that MCL 600.5852 requires a plaintiff to commence an action within two years after letters of authority are issued and that, in *Waltz*, "the Michigan Supreme Court held that the notice tolling provision does not operate to toll the additional period permitted under 600.5852." Thus, the trial court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(7).

## II. ANALYSIS

Plaintiff argues that the trial court erred by applying *Waltz*, which plaintiff asserts contradicts clear statutory language. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "De novo review means that we review the legal issue independently, without required deference to the courts below." *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). A court reviewing a motion for summary disposition under MCR 2.116(C)(7) must consider "the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v City of Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013). Documentary evidence must be viewed in a light most favorable to the nonmoving party. *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). When the facts are undisputed, whether a claim is barred by the applicable statute of limitations is also reviewed de novo. *In re Gerald L Pollack Trust*, 309 Mich App 125, 134; 867 NW2d 884 (2015).

This case involves the interpretation of several statutes governing medical malpractice and wrongful-death actions. This Court's primary goal when interpreting statutes is "to ascertain and give effect to the intent of the Legislature." *New Props, Inc v George D Newpower, Jr, Inc*, 282 Mich App 120, 136; 762 NW2d 178 (2009) (quotation marks and citation omitted). If the statutory language is clear and unambiguous, "the Legislature is presumed to have intended the meaning expressed and judicial construction is neither required nor permitted." *Id.* (Quotation marks and citation omitted).

A medical malpractice claim accrues at the time of the act or omission that is the basis for the claim. MCL 600.5838a(1). The two-year period of limitations applicable to malpractice actions generally, MCL 600.5805(8), applies to medical malpractice actions. MCL 600.5838a(2).

A saving provision also applies to wrongful-death actions: if a person dies before or within 30 days of the expiration of the period of limitations, an action may be commenced by the personal representative of the decedent's estate at any time within two years after letters of authority are issued. MCL 600.5852(1). In an action alleging medical malpractice, the two-year saving period runs from the date of appointment of the first personal representative of the estate. MCL 600.5852(2). However, MCL 600.5852(4) provides that an action may not be commenced under this saving provision more than three years after expiration of the period of limitations, thus establishing a maximum period of five years from the date of accrual of the cause of action in which to commence a wrongful-death action premised on alleged medical malpractice.

In addition, a plaintiff in a medical malpractice action is required to give written notice of intent to file a claim not less than 182 days before commencing the action. MCL 600.2912b(1). Giving notice under § 2912b tolls the statute of limitations "not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." MCL 600.5856(c).

Pursuant to MCL 600.5838a(1), in this case, plaintiff's claims against the various defendants accrued between February 17, 2017, when decedent was first treated by one of the defendants, and June 3, 2017, when decedent was last discharged from the hospital. Thus, pursuant to MCL 600.5805(8), the two-year malpractice limitations period expired no later than June 3, 2019. However, because decedent passed away before the limitations period expired, the wrongful-death saving provision, MCL 600.5852(2), extended the time for commencing an action to May 14, 2020, two years after the date plaintiff was appointed personal representative of decedent's estate. Thus, the original deadline for filing the complaint in this matter was May 14, 2020.

This deadline was extended at the onset of the COVID-19 pandemic. On March 10, 2020, the Governor issued Executive Order No. 2020-4, declaring a state of emergency across the state pursuant to the Emergency Management Act, MCL 30.401 *et seq.*, the Emergency Powers of the Governor Act, MCL 10.31 *et seq.*, and Const 1963, art 5, § 1. On March 23, 2020, our Supreme Court issued Administrative Order No. 2020-3, 505 Mich lxxxvi (2020), which suspended "all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110" and provided that "any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1)." The Supreme Court rescinded AO 2020-3, effective June 20, 2020, but ordered that "[f]or time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020." Administrative Order No. 2020-18, 505 Mich lxxxviii (2020).

When the state of emergency was declared on March 10, 2020, 65 days remained before the May 14, 2020 deadline for commencement of plaintiff's medical malpractice action. Thus, pursuant to AO 2020-18, plaintiff's deadline was extended to August 24, 2020. Plaintiff filed the complaint in this action on October 23, 2020, nearly two months after this deadline.

Plaintiff contends that this action was timely commenced on April 20, 2020, when the NOI mandated by MCL 600.2912b was served on defendants, because the two-year saving period for

-4-

wrongful-death actions was tolled pursuant to MCL 600.5856(c), which provides that "statutes of limitation or repose" are tolled when "notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose . . . ." MCL 600.5856(c). Upon service of notice, the period of limitations "is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." *Id.*

However, in *Waltz*, 469 Mich at 644, our Supreme Court concluded that the notice-tolling provision does not apply to the wrongful-death saving provision. In that case, the plaintiff's infant son received medical treatment for several months before his death on April 18, 1994. *Id*. at 644-645. In January 1999, the plaintiff notified the defendants, pursuant to MCL 600.2912b, of her intent to file suit. *Id*. at 645. On May 27, 1999, the plaintiff was appointed personal representative of her son's estate. *Id*. On June 23, 1999, the plaintiff filed a complaint alleging wrongful-death medical malpractice. *Id*. The trial court granted summary disposition in favor of the defendants, ruling that the notice-tolling provision did not toll the wrongful-death saving period, and that the plaintiff had not been appointed personal representative until after the two-year limitations period and the wrongful-death saving period had both expired. *Id.* at 646-647. This Court affirmed the trial court, ruling that "by its express language, MCL 600.5856(d)[2] tolls the statute of limitations, not the extended limit in MCL 600.5852. Consequently, the trial court did not err because the statute of limitations barred plaintiff's claim." *Waltz*, 469 Mich at 649-650 (citation omitted; footnote added).

The Supreme Court granted leave to appeal, specifically to "determine whether § 5856(d), the medical malpractice notice tolling provision, tolls the additional period permitted for filing wrongful death actions under the wrongful death saving provision, § 5852." *Id*. at 644. The Supreme Court explained that MCL 600.5852 is neither a statute of limitations nor a statute of repose, but "a *saving* provision designed 'to preserve actions that survive death in order that the representative of the estate may have a reasonable time to pursue such actions.' " *Id*. at 655, quoting *Lindsey v Harper Hosp*, 455 Mich 56, 66; 564 NW2d 861 (1997). Thus, the Supreme Court concluded that "the notice tolling provision, § 5856(d)—which explicitly applies only to 'the statute of limitations or repose'—does not operate to toll the additional period permitted under § 5852 for filing wrongful death actions." *Waltz*, 469 Mich at 655.

Plaintiff attempts to distinguish *Waltz* from this case, asserting that, in *Waltz*, the plaintiff had failed to file her complaint within five years of her son's death, thus exceeding the maximum extension established under MCL 600.5852(4). However, this distinction is irrelevant given the Supreme Court's unambiguous conclusions that § 5856 "explicitly applies only to 'the statute of limitations or repose' " and that § 5852 "is not a 'statute of limitations' or a 'statute of repose.' " *Id*. If § 5852 is neither a statute of limitations nor a statute of repose, then service of the NOI tolls neither the two-year saving period, MCL 600.5852(1), nor the three-year ceiling, MCL 600.5852(4).

---

[2] Now codified at MCL 600.5856(c). See 2004 PA 87, effective April 22, 2004.

Plaintiff urges this Court to ignore these unambiguous conclusions of the Supreme Court. However, this Court is required to follow decisions of the Supreme Court "except where those decisions have *clearly* been overruled or superseded . . . ." *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). Plaintiff does not contend that *Waltz* has been overruled or superseded, but argues that this Court should instead follow the Supreme Court's decisions in *Hardy* and *Omelenchuk*, two cases decided before *Waltz*. This argument has no merit.

*Hardy* did not involve a medical malpractice claim. Rather, in *Hardy*, the issues were "(1) whether MCL 600.5852 applies to wrongful death cases in which death was 'instantaneous,' and (2) whether death by drowning is instantaneous as a matter of law." *Hardy*, 429 Mich at 424-425. Our Supreme Court concluded that "the saving provision contained in MCL 600.5852 operates to toll the statute of limitations in both survival-type actions and death-type actions brought under MCL 600.2922, the wrongful death statute." *Id*. at 425. Plaintiff contends that this language shows that the Supreme Court "clearly used the terminology 'to toll the statute of limitations.' "

However, in *Hardy*, the Supreme Court cautioned that the language used in a court's opinion "must be construed in light of the facts and issues involved in a case under consideration and should not be interpreted as going beyond the scope of matters for adjudication . . . ." *Id*. at 431. Because the central issue in *Hardy* was whether the saving provision applied to both types of wrongful-death actions, and not the distinction between a statute of limitations and a saving statute, *Hardy* is irrelevant to the issues in this case. Moreover, this Court is "obligated to follow the most recent pronouncement of the Supreme Court on a principle of law." *Washington Mut Bank, FA v ShoreBank Corp*, 267 Mich App 111, 119; 703 NW2d 486 (2005).

Plaintiff's reliance on *Omelenchuk* is similarly misplaced. As the Supreme Court explained in *Waltz*, 469 Mich at 652, the issue in *Omelenchuk* "was whether the malpractice notice tolling provision tolled the statutory limitation period for a full 182 days or, instead, for only 154 days, when a medical malpractice claimant does not receive the written response to the notice of intent contemplated under MCL 600.2912b(7)." In addition, in *Omelenchuk*, the Court was not required to determine whether the notice-tolling provision extended the wrongful-death saving period because the complaint was filed within the two-year malpractice limitations period, as extended under the notice-tolling provision. *Id*. at 653.

Plaintiff correctly asserts that, in *Omelenchuk*, 461 Mich at 577, the Supreme Court described the wrongful-death saving period as a period of limitations, stating that the "two-year limitation period" was set to expire two years after the plaintiffs received their letters of authority. However, in *Waltz*, 469 Mich at 653, the Court described that language as "passing references to § 5852 as creating a 'limitation period.' " The Court then explained that "[t]o the extent that our imprecise choice of words in *Omelenchuk* implied that § 5852 created a separate 'limitation period,' we again clarify that § 5852 is not a statute of limitations, but a *saving* statute." *Id*. at 654. Concluding its analysis of *Omelenchuk*, the *Waltz* Court explained further: "To the limited extent that the above-quoted portion of *Omelenchuk* might be viewed as sanctioning application of the notice tolling provision to the wrongful death saving provision, it is hereby overruled." *Id*. at 655.

*Omelenchuk* has been "clearly overruled" and is not binding precedent. *Associated Builders*, 499 Mich at 191-192. *Waltz* has not been overruled, and is binding on this Court, *id*., as

well as the trial court. *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 142; 863 NW2d 344 (2014). Thus, the trial court did not err by granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7).

## III. CONCLUSION

Because plaintiff's service of the NOI did not extend the two-year wrongful-death saving period, the trial court did not err by granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(7).

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola