*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KERAN ERNEST, Personal Representative of the
ESTATE OF MAURICE ERNEST,

      Plaintiff-Appellant,

v

PAUL W. BROWN, JR., M.D., ELMAHDI M.
SAEED, CYPRESS CARDIOLOGY PLLC, and
MCLAREN HEALTH CARE CORPORATION,

      Defendants-Appellees,

and

DR. FAROUK M. BELAL,

      Defendant.

UNPUBLISHED
March 20, 2025
11:19 AM

No. 368566
Genesee Circuit Court
LC No. 2023-119425-NH

Before: CAMERON, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

In this action for wrongful death arising out of medical malpractice, plaintiff appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(7) (statute of limitations) to defendants because plaintiff's claims were untimely. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's decedent presented to the emergency room on July 16, 2020, complaining of chest pain. After being examined in the emergency room, decedent was moved to the cardiac unit for observation. He died the next day. Relevant to this appeal, on June 7, 2021, the Genesee County Probate Court issued letters of authority appointing Keran Ernest as the personal representative of decedent's estate. Plaintiff sent its notice of intent to defendants on February 10, 2023, and filed suit on August 14, 2023. Defendants moved for summary disposition under

-1-

MCR 2.116(C)(7) (statute of limitations), arguing that plaintiff's complaint was time-barred. The trial court granted the motions and dismissed the case. Plaintiff now appeals.

## II. STANDARD OF REVIEW

"This Court reviews de novo both the applicability of a statute of limitations and the trial court's ruling on a motion for summary disposition." *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 21; 896 NW2d 39 (2016) (citations omitted). "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Dep't of Environmental Quality*, 318 Mich App at 21 (quotation marks and citation omitted). "Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute." *Id*. (quotation marks and citation omitted).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dep't of Environmental Quality*, 318 Mich App at 21 (quotation marks and citation omitted).]

## III. ANALYSIS

The question in this appeal involves the application of three statutes: (1) the statute of limitations for medical malpractice claims, MCL 600.5805(8), (2) the wrongful death savings provision (the "savings provision"), MCL 600.5852, and (3) the notice-tolling provision, MCL 600.5856(c).

Generally, medical malpractice actions are subject to a two-year statute of limitations from the time the claim accrues. MCL 600.5805(8). A claim for medical malpractice accrues "at the time of the act or omission that is the basis for the claim[.]" MCL 600.5838a(1). A plaintiff alleging medical malpractice must give the defendant-provider written notice at least 182 days before filing suit. MCL 600.2912b(1). "At the time notice is given in compliance with the applicable notice period[,]" if the statute of limitations would have expired before the 182-day period elapsed, the limitations period "is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." MCL 600.5856(c). In this case, plaintiff's claim accrued when decedent allegedly received negligent medical care on July 16, 2020. Had plaintiff provided its notice of intent within two years of this date, the limitations period for bringing the claim under MCL 600.5805(8) would have been tolled, but plaintiff did not do so. Thus, when considered solely in the context of the original statute of limitations, plaintiff's claim expired on July 16, 2022, and its August 14, 2023 complaint was untimely.

However, the savings provision provided plaintiff with additional time in which to file suit. Relevant to this appeal, MCL 600.5852 states:

> (1) If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action that survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run.

> (2) If the action that survives by law is an action alleging medical malpractice, the 2-year period under subsection (1) runs from the date letters of authority are issued to the first personal representative of an estate. Except as provided in subsection (3), the issuance of subsequent letters of authority does not enlarge the time within which the action may be commenced.

> \* \* \*

> (4) Notwithstanding subsections (1) to (3), an action shall not be commenced under this section later than 3 years after the period of limitations has run. [MCL 600.5852(1), (2), and (4).]

Plaintiff's letters of authority were issued on June 7, 2021. Thus, under MCL 600.5852, plaintiff had until June 7, 2023 to file suit, even though the original statute of limitations had already expired. Again, plaintiff did not file its complaint until August 14, 2023. So, plaintiff's complaint was still untimely even when the savings provision is considered.

Plaintiff argues that the notice of intent it provided on February 10, 2023 tolled the period in which it could file suit under the savings provision. According to plaintiff, the notice tolling provision applies to the savings provision, rendering its suit timely. Plaintiff's claim fails because, in *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004), our Supreme Court expressly rejected the application of the tolling provision in MCL 600.5856 to the savings provision in MCL 600.5852.

Plaintiff acknowledges that its argument is contrary to our Supreme Court's holding in *Waltz*, but asserts *Waltz*'s holding is contrary to the Legislature's intent. In its effort to side step *Waltz*'s holding, plaintiff spins two earlier cases from our Supreme Court to support its claim that the tolling provision in MCL 600.5856(c) applies to the savings provision: *Hardy v Maxheimer*, 429 Mich 422; 416 NW2d 299 (1987), and *Omelenchuk v Warren*, 461 Mich 567; 609 NW2d 177 (2000), overruled by *Waltz*, 469 Mich at 642. Plaintiff argues that *Hardy* remains good law because it was not expressly overruled by *Waltz*, and urges this Court to "apply the unambiguous language" of *Omelenchuk* despite it having been overruled by *Waltz*.

In *Waltz*, our Supreme Court held that MCL 600.5856 does not toll the time frame provided in MCL 600.5852. *Waltz*, 469 Mich at 650-651. It reasoned that MCL 600.5856 applies to a "period of limitations[,]" and MCL 600.5852 "clearly provides that it is an *exception* to the limitation period," not a limitation period itself. *Waltz*, 469 Mich at 651. Thus, while MCL 600.5856 may serve to toll the two-year statute of limitations for the underlying medical-malpractice claim, it does not toll the two-year *exception* to the statute of limitations under MCL 600.5852.

-3-

Because *Waltz* is binding on this Court, we lack the authority to consider plaintiff's argument regarding legislative intent. See *Assoc Builders & Contractors v Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016) ("The Court of Appeals is bound to follow decisions by [our Supreme] Court except where those decisions have clearly been overruled or superseded") (emphasis omitted). As for plaintiff's argument regarding *Hardy* and *Omelenchuk*, *Waltz* explicitly overruled *Omelenchuk*, see *id.*, and *Hardy* predates *Waltz*, meaning we must follow *Waltz*, see *Washington Mut Bank, FA v ShoreBank Corp*, 267 Mich App 111, 119; 03 NW2d 486 (2005) (explaining that this Court is "obligated to follow the most recent pronouncement of the Supreme Court on a principle of law.").

Affirmed.

/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani